Argued at Pendleton October 29, affirmed December 18, ·1923, re-
hearing denied January 22, 1924.

# STATE *v.* F. E. STILWELL.

### (221 Pac. 174.)

**Perjury—No Material Variance Between Allegations and Proof.**

1. There was no material variance between allegations that false
testimony was given in the trial of an action at law between ac-
cused and W. J. W., which action was tried together with the
case of accused against C. O., and proof that accused first sued
W. J. W. and C. O. and dismissed as to W. J. W., and commenced
a new action against the latter, and that the two cases were tried
together for sake of economy, the cases not being necessarily con-
solidated thereby, under Section 526, Or. L., and the fact that the
causes were tried together not itself making either of the parties
to one action a party to the other.

**Criminal Law—Record of Trials of Court Admissible Along With
Testimony of Clerk.**

2. In a perjury prosecution, it was not error to permit the intro-
duction of "Record of trials of the court" in connection with
clerk's testimony to fix the date when the defendant was sworn
as a witness, although such record was not one specifically com-
manded to be kept by statute.

**Criminal Law—Accused Held not Prejudiced by Admission of
Records in Evidence.**

3. In perjury prosecution, accused *held* not prejudiced by ad-
mission in evidence, to show the proceedings in a civil action in
which the alleged false testimony was given, of judgment-roll,
journal, and record kept by clerk of court not commanded by
statute.

**Perjury—Indictment Need not Set Forth Pleadings, Record or
Proceedings With Which the Oath is Connected nor Commis-
sion or Authority of Court.**

4. The general rule is that, in a prosecution for perjury, it is
essential to correctly describe and accurately prove the judicial
proceedings in which the perjury is alleged to have been com-
mitted, and they must be proved substantially as laid, but the
indictment need not set forth the pleadings, record or proceed-
ings with which the oath is connected, nor the commission or
authority of the court or person before whom the perjury is com-
mitted, under Section 1455, Or. L.

**Criminal Law—Certified Copies of Proceedings Admissible in Perjury
Prosecutions.**

5. Certified copies of all the original orders entered of record
in the proceedings in which perjury was alleged to have been com-

---

4. Sufficiency of indictment as to assignment of perjury, see
notes in 124 Am. St. Rep. 671; 17 Ann. Cas. 921.

mitted are admissible in evidence, it not being necessary to produce the original record, in view of Sections 584, 751, 752, Or. L.

### Criminal Law—Judgment-roll Properly Admitted in Evidence.

6. The judgment-roll is of the same verity as the record or journal entries, and is properly admitted in evidence in a prosecution for perjury to prove the record of the judicial proceedings in which the alleged perjury was committed, in view of Sections 751, 752, Or. L.

### Perjury—Necessary to Show Testimony was Material.

7. In a perjury prosecution, it is always necessary to show that the testimony given, which must be alleged to have been willful, was material to an issue in the controversy, wherein it was given.

### Perjury—Testimony as to Written Contract Held Material.

8. In an action on oral contract, that plaintiff, when shown a writing purporting to be signed by himself and defendant, testified, "I never saw that before," and that defendant did not sign it in his presence, was material, even though plaintiff by such testimony succeeded in preventing the introduction of the exhibited contract in evidence.

### Perjury—Testimony Aliunde the Record Admissible.

9. Testimony may be given *aliunde* the record to show the state of the cause and its precise posture at the time the alleged false testimony was introduced in order to demonstrate its materiality, and that a written contract exhibited to a witness was admissible, though not introduced in evidence, where the alleged false testimony was that no written contract had been entered into.

### Criminal Law—Ruling of Court Held to Concern Only a Matter of Order of Proof.

10. In prosecution for perjury for testifying that no written contract was entered into, where, on cross-examination official reporter was asked concerning other parts of defendant's testimony and particularly as to what defendant testified the agreement was, and court sustained objection that it was not cross-examination, and ruled that such testimony was a part of defendant's case, defendant was not prevented from introducing such testimony as a part of his defense, and the matter was simply one as to order of proof, which is regulated by the sound discretion of the court, under Section 853, Or. L.

### Criminal Law—Defendant not Injured by Refusal to Permit Evidence on Cross-examination Which He Could Introduce in Defense.

11. Defendant could not be injured by being required to introduce testimony in defense instead of on cross-examination of state witness, under Section 132, Or. L.

---

7. Allegation as to materiality of testimony in prosecution for perjury, see note in 124 Am. St. Rep. 654.

What constitutes material testimony as to which charge of perjury may be laid, see notes in 3 Ann. Cas. 945; 19 Ann. Cas. 364.

Criminal Law—Order of Proof Within Discretion of Trial Court.

12. The order of proof is within the discretion of the trial court, and its ruling, refusing to admit in the case in chief on the part of the state evidence which was properly a part of the defense of the defendant, will not be disturbed, except for abuse, under Section 853, Or. L.

Witnesses—Cross-examination of Defendant as to Pleadings in Other Case Admissible.

13. In a prosecution for perjury, consisting of testimony that no written contract was entered into, court properly permitted the state, on cross-examination of defendant, to ask concerning the pleadings in the prior case for the purpose of fixing the time when he was first advised that his opponent in that case claimed he had a written contract relating to the matter in question, such inquiry pertaining directly to the question of good faith of the defendant in his testimony to the effect that he was confused in the trial of the former action when he was confronted with the written contract.

Witnesses—Accused Electing to Testify Waives Constitutional Protection as to All Matters Germane to Examination in Chief.

14. Upon the trial of a criminal action, a defendant, who elects to testify in his own behalf, waives the constitutional protection guaranteed by Constitution, Article I, Section 11, as to all matters germane to the facts to which he has testified upon his examination in chief.

Witnesses—Prosecutor not Required to Frame Questions in Language Used by Counsel in Examination in Chief.

15. Where accused testified in his own behalf, prosecutor is not required upon cross-examination to frame his questions in the language used by counsel upon the examination in chief, but the inquiry may extend to facts and circumstances apparently germane to the facts testified to in chief, and may be as searching and broad as the foundation upon which it rests.

Perjury—Not Essential to Try Civil Case, in Which False Testimony Alleged to have Been Given, upon Its Merits.

16. It is not essential upon the trial of a perjury case to try the civil case, in which the false testimony was alleged to have been given, upon its merits.

Criminal Law—Charge in Perjury Prosecution Held to Cover Allegation as to What Truth of Matter Really was.

17. In prosecution for perjury for testifying that contract was oral and that there was no written contract, the court did not ignore allegation in indictment as to what the truth of the matter really was, where it charged, "It is further a material allegation in said indictment that defendant S. did in fact write and sign the said instrument so offered in evidence in said cause, and in the trial of this action."

Perjury—Evidence must Correspond With Averments of Indictment.

18. Where the indictment sets out the identical issues in which the testimony was material, then the evidence offered must corre-

spond with the averments of the indictment and be confined to the point at issue.

**Perjury—Instruction as to Materiality of Evidence Held Justified by Evidence.**

19. In a prosecution for perjury, evidence *held* to justify instructions as to materiality of testimony alleged to be false.

**Perjury—Rule Stated as to How Materiality of False Testimony may be Shown.**

20. Upon prosecution for perjury, the materiality of the alleged false testimony may be shown by introducing all or so much of the pleadings in the action as show the issues, together with the proof of such facts as tend to show testimony to be on a material issue.

**Perjury—Rule Stated as to Matters Which must be Shown Beyond Reasonable Doubt.**

21. Before one can be convicted of perjury, it must be established beyond a reasonable doubt that he testified as charged, and that the testimony so given was willfully false.

**Perjury—Unnecessary That Whole Testimony of Accused be Given.**

22. It is not necessary that the whole of the testimony given by defendant at the time of the alleged perjury should be given in evidence, so much thereof as relates to the particular part on which the perjury is assigned being sufficient.

**Perjury—Materiality of False Testimony not Presumed.**

23. In perjury prosecution, the materiality of testimony in question must be established by evidence, and cannot be left to presumption or inference, and proof that the testimony was admitted on the trial is not sufficient to warrant a jury in inferring that such testimony was material to the issue.

**Perjury—Duty of Court to Instruct as to What Constitutes Material Testimony.**

24. On the "facts offered" in a case of perjury, it is the duty of the court to instruct the jury as to what facts constitute "material testimony."

From Union: Walter H. Evans, Judge.

In Banc.

Affirmed.   Rehearing Denied.

For appellant there was a brief over the names of *Messrs. Cochran & Eberhard* and *Mr. C. H. Finn,* with an oral argument by *Mr. Colon R. Eberhard.*

---

22. Necessity for proof of all of defendant's testimony in prosecution for perjury, see note in **Ann. Cas.** 1912C, 1074.

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, *Mr. Ed. Wright,* District Attorney, and *Mr. A. A. Smith,* with an oral argument by *Mr. Smith.*

BEAN, J.—The defendant F. E. Stilwell was indicted by the grand jury of Union County and tried and found guilty of the crime of perjury. From a judgment of sentence he appeals, assigning errors.

The indictment is in the form found in appendix to Vol. I of Or. L. and charges in part as follows:

F. E. Stilwell on the ninth day of June, 1919, in the county of Union and State of Oregon, on his examination as a witness duly sworn to testify the truth, in the trial of an action at law then pending in the Circuit Court of the State of Oregon for Union County, between F. E. Stilwell, plaintiff, and W. J. Welch, defendant, and F. E. Stilwell, plaintiff, and Chris Olson, defendant, which two causes were then and there tried together, did feloniously, knowingly, willfully and corruptly testify falsely in this respect, —the said F. E. Stilwell testified that there was no written agreement between him and the defendant, W. J. Welch, in relation to the matter and said cause then and there in said court pending, that he never wrote one certain instrument of writing purporting to be an agreement between him and the said W. J. Welch, then and there marked "Defendant's Exhibit 2" and introduced and admitted in evidence in said cause, that he did not know whose handwriting the said instrument was in, that he did not know who wrote on said instrument the signature "F. E. Stilwell," that W. J. Welch did not sign said instrument in his presence, and that he had not seen said instru-

ment before, said instrument being in words, letters, figures and characters as follows:

"La Grande, Oregon, March 12–17

"This agreement entered into this 12th day of March, 1917, between F. E. Stilwell, party of the first part, and W. J. Welch, party of the second part.

"Witnesseth—F. E. Stilwell agrees to graze about 300 head of cattle for second party at an agreed price of 65 cents per head per month, F. E. Stilwell further agrees to further salt and gather beef cattle when fat and further agrees to gather all remaining cattle in the fall and turn them over to second party at the T L Ranch free from any expense to second party except the pasturage rate named above.

"W. J. WELCH.
"(Sgnd.)   F. E. STILWELL."

That in truth the defendant wrote said written agreement signed by himself and that said W. J. Welch signed said instrument in the presence of the defendant.

That the said statements and matter testified to by the defendant as above alleged were material in the cause, *F. E. Stilwell* v. *W. J. Welch,* then on trial in said court,—that said cause was an action brought by the said F. E. Stilwell against the said W. J. Welch in *assumpsit* to recover a balance alleged to be due on a pasturage bill alleged to be owing to the then plaintiff by the said W. J. Welch, and under the issues and in the pleadings of said cause it was claimed and alleged by the said plaintiff that there was no written contract, that he had taken a large number of cattle of the said W. J. Welch at sixty-five cents a month to graze for the season of six months upon an oral contract, while, on the other hand, it was claimed and alleged by the then defendant, W. J. Welch, that the said instrument of writing contained the terms of the agreement, and that it

was not understood or agreed that the said W. J. Welch should pay the said sixty-five cents a month for the season, but should pay said rate per head for cattle for the time they actually grazed on the lands owned or controlled by the defendant herein and plaintiff in said action, and the testimony of the defendant aforesaid became and was material in said court.

It will be seen from the indictment that the alleged false testimony of the defendant was given by him upon the trial to prove the issue of the case of F. E. Stilwell v. W. J. Welch in the Circuit Court for Union County. The cause was tried at the same time that another action was tried, that of F. E. Stilwell, Plaintiff, v. Chris. Olson, Defendant. It appears from the record that defendant, F. E. Stilwell, originally commenced an action in the Circuit Court for Union County against W. J. Welch and Chris Olson. Afterward the action was dismissed as to the defendant W. J. Welch, and another action was instituted in that court by F. E. Stilwell as plaintiff against W. J. Welch as defendant. The first action mentioned was continued and prosecuted as against Chris Olson. During the proceedings of that case the name of the case F. E. Stilwell, Plaintiff, v. W. J. Welch and Chris Olson, Defendants, was retained during most of the proceedings, the verdict being rendered and the judgment entered in the case designated, F. E. Stilwell, Plaintiff, v. Chris Olson. The clerk certified to the several papers and the original pleadings filed in the action and the copies of the orders and entry of judgment as the judgment-roll in the case of F. E. Stilwell v. Chris Olson. At the time of trial of the civil cases it was stipulated by counsel for the respective parties that the two

cases mentioned should be tried together at the same time and they were so tried. In part of the journal entries made during the trial the names of the cases appear as "F. E. Stilwell *v.* W. J. Welch and Chris Olson, Defendants." Two separate verdicts were rendered and two separate judgments thereon were entered.

Upon the trial of the defendant, in the criminal action the state offered and introduced the judgment-rolls in the two civil actions mentioned above. The defendant, by his counsel, objected to the introduction of these exhibits on the ground of a variance from the allegations of the indictment and at the appropriated time requested the court to instruct the jury to return a verdict of acquittal. This request was based largely upon the same grounds as the objections to the exhibit and also insufficiency of the evidence.

It will be noticed by the indictment that the testimony of the defendant, F. E. Stilwell, which is alleged to have been false, is alleged to have been given in the trial of an action at law then pending in the Circuit Court of the State of Oregon for Union County between F. E. Stilwell, plaintiff, and W. J. Welch, defendant, which action was tried together with the case of F. E. Stilwell, plaintiff, and Chris Olson, defendant. The fact that these two cases were tried at one and the same time, which appears to have been for the sake of economy, does not conclusively show that the two cases were consolidated. Section 526, Or. L., provides that whenever two or more actions or suits are pending at one time between the same parties and in the same court upon causes which might have been joined, the court may order the same to be consolidated. That was not done in the civil cases mentioned and it was only with

the consent of the parties made by their counsel in open court that the two cases were tried at the same time. Therefore, the only reason for naming the other action of F. E. Stilwell *v.* Chris Olson in the indictment was for the purpose of correctly describing the proceedings in the trial of the action of F. E. Stilwell, Plaintiff, *v.* W. J. Welch, Defendant. The latter is the judicial proceeding which it was essential to accurately prove, in which the perjury in the present case is alleged to have been committed. Section 208, Or. L., provides that after docketing the judgment the clerk shall prepare and file in his office the judgment-roll as provided in that section. Subdivision 2 provides that in cases other than where judgment is entered upon default the clerk shall "attach together in like manner the summons and proof of service, the pleadings, bill of exceptions, all orders relating to a change of parties, together with a copy of the entry of judgment, and all other journal entries or orders in any way involving the merits, and necessarily affecting the judgment." The judgment-roll in the two civil cases named was prepared in accordance with Section 208 and duly certified by the clerk, indorsed and filed and was introduced in evidence upon the trial of the present criminal action: *Turner* v. *Hendryx,* 86 Or. 590, 601 (167 Pac. 1019, 169 Pac. 109).

1. Subdivision 3 of Section 208, Or. L., requires the clerk to indorse on the outside of the judgment-roll *inter alia* the names of the parties to the action. In the second civil case mentioned in the indictment, on the judgment-roll which was admitted in evidence in the criminal action, the clerk indorsed the names of the parties as "F. E. Stilwell, Plaintiff, *v.* Chris Olson, Defendant." This was a strict compliance

with the statute in that respect. At the time of the
trial and the rendition of judgment and for a long
time prior thereto W. J. Welch was not a party to
that action. The issues therein were made between
F. E. Stilwell as plaintiff and Chris Olson as defend-
ant, and the cause was tried and a verdict rendered and
a judgment entered thereon as between the two parties
last named. The fact that the cause was tried at the
same time the case first mentioned in the indictment
was did not of itself make either of the parties to
one action a party to the other. True, at one time
W. J. Welch was a party defendant to the second
case named. Therefore in the Olson case there was
no material variance with the allegation of the indict-
ment in the names of the parties to the action, the
record of which was embraced in the judgment-roll
and admitted in evidence in regard to the second
civil case named therein. The title of an action at
law and the names of the parties to such action do
not necessarily remain the same during the progress
of the litigation. The name of a party may be added
by amendment. One party may be substituted for
another, and a cause may be dismissed as to one of
the parties as was done in the case to which reference
has been made. It is contended by defendant that
"the only proof that would show the court to be
legally in session would be the Journal of the Court
which is authorized by Section 582, Or. L." The
judgment-roll in the two civil cases mentioned are
duly certified by the clerk to each contain "all of
the original pleadings filed in the action and that
the orders hereto attached are true and correct
copies of all the original orders made and entered
of record in said cause and court." The record
discloses that the issues in the two civil cases were

separate and distinct. The contract referred to and which was denied by defendant did not relate to any issue in the Olson case. It concerned only the issues in the action of Stilwell against Welch. The defendant or any person upon an examination of the record of the two cases alleged in the indictment would have found the judgment-roll under the precise names set forth in that pleading. Upon the trial of defendant the state offered page 19 of Vol. 9, Record of Trials of the Court which was objected to by defendant. The record consisted of a memorandum kept by the clerk of the trials in the Circuit Court for Union County, Oregon, held on the ninth day of June, 1919, in which the two civil cases are mentioned and the name of the judge and the attorneys and officers, and a memorandum in regard to the jurors and the witnesses examined for the respective parties.

Counsel for defendant objected and excepted to the introduction of the record, Exhibit "A–1," on the ground of a variance from the indictment. This question we have already considered. Defendant further argues that this exhibit should have been excluded because such record is not required by law, and the same is not evidence of any court in session or the proceeding of any trial. The certified copy of the journal entry already referred to shows that the Circuit Court was held on June 9, 1919, the date on which the crime is alleged to have been committed, and that the two civil cases named were then on trial. The clerk of that court was called as a witness and stated that he acted as clerk in the trial of the cases referred to in Exhibit "A–1," that defendant Stilwell was called as a witness in the trial at that time and was duly sworn by him as such witness.

2. In connection with the clerk's testimony, and to fix the date when the defendant was sworn as a witness in the civil case, the exhibit was properly admitted. The clerk of the Circuit Court cannot be expected to keep in mind every detail of the trial of a case, and when each witness is sworn and it was proper for him to make a minute or memorandum of such proceedings, although a record of that kind is not specifically commanded by the state, the judgment-roll and journal would not show the names of the witnesses and when they were sworn. It was not the record of an order or judgment of the court. In 15 C. J., page 972, we read:

"All the authorized written minutes, made in the course of the case, are treated as part of the record, whether made in the minute-book, appearance docket, continuance docket, trial list, or argument list, or placed among the files."

3. The defendant was not in any way prejudiced by the admission of the exhibits. He could not have been misled. He would be perfectly protected from a subsequent prosecution for the same offense. There was no error in the ruling of the court in this respect.

4. The general rule is that in a prosecution for perjury, it is essential to correctly describe and accurately prove the judicial proceedings in which the perjury is alleged to have been committed. It must be accurately described in the indictment, and must be proved substantially as laid: 1 Wharton on Crim. Ev., p. 282, § 93; 30 Cyc. 1441; *State* v. *Perry,* 117 Iowa, 463 (91 N. W. 765, 766). Our statute provides that in an indictment for perjury it is sufficient to set forth the substance of the controversy or matter in respect to which the crime is committed,

and in what court, or before whom, the oath alleged to be false was taken, that the court or person before whom it was taken had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment need not set forth the pleadings, record or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury is committed: Section 1455, Or. L.; *Williams* v. *State,* 14 Okl. Cr. 100 (167 Pac. 763).

5, 6. Upon the trial of the present case it was incumbent upon the state to legally prove the record of the judicial proceedings in which the perjury is alleged to have been committed. Section 751, Or. L., defines a judicial record thus:

"A judicial record is the record, official entry, or files of the proceedings in a court of justice, or of the official act of a judicial officer, in an action, suit, or proceeding."

Section 752, Or. L., provides that:

"A judicial record of this state or of the United States may be proved by the production of the original, or by a copy thereof, certified by the clerk or other person having the legal custody thereof, with the seal of the court affixed thereto, if there be a seal."

There was introduced upon the trial of the present case a duly certified copy of all the original orders entered of record in the proceedings in which the perjury was alleged to have been committed. This was a strict compliance with the statute providing how a judicial record should be proved. Before an order or a judgment of the court could be entered in the journal it must be made by the court. The jour-

nal of the Circuit Court is a book wherein the clerk is required to enter the proceedings of the court: Section 584, Or. L. It would have been competent for the state to have produced the original record of the proceedings under Section 752 but it was not absolutely necessary to do so. A copy thereof certified to as provided by the statute is sufficient. The record of the court imports absolute verity: *Allen* v. *Levons,* 101 Or. 466, 471 (198 Pac. 1907, 199 Pac. 595). While the judgment-roll is not the exclusive record of the proceedings of the case but only a collection of papers and entries selected from the record for convenience and economy, it is sufficient in the opinion of the legislature to show the judgment of the court and its jurisdiction to give it. The judgment-roll is of the same verity as the record or journal entries: *Neff* v. *Pennoyer,* Fed. Cas. No. 10,083, 3 Sawy. 274. The journal entries of the Circuit Court for Union County found in the record in this cause show that the civil causes referred to were tried at a regular term of that court begun and held at the courthouse in the City of La Grande in the county of Union, and State of Oregon, on the second day of June, 1919, the time fixed by law for holding the regular term of said court, and also show the different dates and the judicial days of said term when the trial of the civil cases mentioned was had. The judgment-rolls in the present case were properly admitted in evidence.

It appears from the record that in the case of F. E. Stilwell v. W. J. Welch, in which it is alleged that the false testimony was given by defendant, the plaintiff, F. E. Stilwell, filed a complaint to recover for the pasturage and feed of about 300 head of stock of the reasonable value of $1,170. In the answer to

that complaint the defendant Welch denied the allegations of the complaint except as alleged in his answer, and further alleged in substance that on March 12, 1917, plaintiff, F. E. Stilwell, and defendant, W. J. Welch, entered into the written contract set out in the indictment and that on the seventh day of May, 1917, Welch delivered to Stilwell 263 head of cattle under said contract to be grazed for the season of 1917, and alleged that a portion of said cattle were not grazed upon the range of defendant during all the season specifying the time and the dates, and that the grazing of said cattle by the plaintiff, Stilwell, under said contract amounted only to the sum of $694.35. The answer also alleged a failure of Stilwell to properly care for and salt said cattle and claimed damages therefor as a counterclaim, the details of which is not necessary to here note. The plaintiff, Stilwell, in his reply denied the making of said written contract alleged in the answer of Welch and alleged that all of said stock so grazed by plaintiff, Stilwell, for defendant, Welch, were mutually agreed to be grazed to pasture for the season of six months, and not by the month, and to be so paid for by the season of six months at the rate of sixty-five cents per month per head and that said pasturage amounted to the reasonable value pleaded in the complaint.

Upon the trial of the present criminal action H. R. Hanna, the official reporter, who reported the testimony in the cases of F. E. Stilwell, Plaintiff, v. W. J. Welch and F. E. Stilwell v. Chris Olson, was called as a witness by the state and testified from the transcript of the testimony in the civil cases mentioned, in regard to the written contract in question,

Exhibit "C," which is set forth in the indictment in part, as follows:

"Q. I will ask you to state if Plaintiff's Exhibit 'C' in this case, Defendant's Exhibit 2 in that case, was handed to the defendant, F. E. Stilwell in that case, and asked to state whose signatures were on that agreement?

"A. It was handed to him and he was asked words to that effect.

"Mr. Cochran.—We would like to have our objection go to all of this testimony.

"The Court.—Yes, and exception allowed.

"Q. I will ask you to state what Mr. Stilwell's reply was to that question?

"A. He answered, 'I never saw that before.'

"Q. And to the question, 'Do you know whose handwriting that is in?'

"A. He answered, 'No, I don't.'

"Q. Was he also asked at that time, Do you know who wrote the signature 'F. E. Stilwell' on that instrument?

"A. He was, or words to that effect.

"Q. What was his reply?

"A. 'No, sir; I don't.'

"Q. Was he asked at that time if he knew in whose handwriting this exhibit was?

"A. He was.

"Q. What was his answer?

"A. 'No.'

"Q. And was he asked to state whether it was not a fact that Mr. Welch signed his name to that instrument in his presence?

"A. He was.

"Q. What was his reply?

"A. 'No, he did not.' "

W. J. Welch was called as a witness in the present case and testified in regard to making a contract for pasturage with Stilwell that he met Mr. Stilwell at the Foley Hotel in La Grande; that the witness and

Mr. Stilwell went to Welch's room in the hotel and Stillwell drew up a contract and they signed it in the presence of each other; that the contract was in the handwriting of Mr. Stilwell. Upon the contract, Exhibit "C," being offered in evidence, counsel for defendant interposed an objection which was overruled by the court. This ruling is assigned as error. It is contended by defendant that Exhibit "C" was received in evidence without showing that this questioned document was admitted in evidence in the trial of the cases wherein perjury is alleged to have been committed.

As we understand the record it shows that the written contract was introduced in evidence in the civil cases as an exhibit although the testimony is not as clear as it might be. It was marked Defendant's Exhibit No. 2 in the civil case and referred to in the testimony in the present criminal action as Defendant's Exhibit 2 in the civil case.

7. However, it is always necessary to show that the testimony given, which must be alleged to have been willful and false, was material to an issue in the controversy wherein given.

8. The record introduced in evidence in the present case shows that under the pleadings in the Stillwell-Welch case the question, whether or not the agreement between F. E. Stilwell and W. J. Welch in regard to the pasturage of cattle was as alleged by Stilwell, that they should be pastured by the season at the rate of sixty-five cents per head per month for the full season, or whether it was as alleged by Welch, that they should be pastured according to the terms of the written contract, Exhibit "C," for sixty-five cents per head per month for the time said cattle were actually grazed. This was a ma-

terial issue in the trial of the civil case mentioned. It must be conceded that the written contract, Exhibit ''C,'' was material, and competent evidence to be introduced upon the trial of the civil case. At the stage of the trial of the civil cases when the contract Exhibit ''C'' was exhibited to defendant, F. E. Stilwell, and he was asked to state whose signatures were on that agreement. It was a matter material to the issue then being tried, and the answer of defendant Stilwell, ''I never saw that before,'' referring to the contract, and that he did not know in whose handwriting the contract was, that he did not know who wrote the signature ''F. E. Stilwell'' on that instrument; and that Mr. Welch did not sign that instrument Exhibit ''C'' in his presence, was all material, although the written contract had not then been introduced in evidence. It was clearly apparent that such testimony was material at that time. Whether the written contract was afterwards introduced in evidence upon the trial of the civil cases or not. It would have been material even though Stilwell by his testimony had succeeded in preventing the introduction of the exhibit.

9. Where perjury is assigned to have been committed in the evidence given in the cause, testimony may be given *aliunde* the record, to show the state of the cause and its precise posture at the time the alleged false testimony was introduced, in order to demonstrate its materiality: *State* v. *Kalyton*, 29 Or. 375, at p. 380 (45 Pac. 756). Defendant cites the case of *State* v. *Kalyton*. The defect in the Kalyton case was that no record of the case in which the perjury was alleged to have been committed was introduced or proved. The admission of Exhibit ''C''

was proper, as a part of the proof of the charge against defendant.

10. On cross-examination of the witness H. R. Hanna, the official reporter, he was asked concerning other parts of defendant's testimony upon the trial of the civil cases named, and particularly as to what defendant Stilwell testified the agreement was between Stilwell and Welch in regard to the pasturage. Upon objection by counsel for the state that it was not cross-examination the court sustained the objection and ruled that such testimony was a part of defendant's case. Counsel for defendant tendered answers to the several interrogatories which were rejected and defendant saved exceptions. The defendant was not prevented from introducing such testimony as a part of his defense. It was simply a matter of the order of the proof which is regulated by the sound discretion of the court: Section 853, Or. L. There was no reason why defendant could not have called the reporter and introduced such testimony at the stage of the case indicated by the court.

11, 12. Evidence should be introduced at the proper time, as some system and order must be preserved at the trial and the refusal to allow a party to introduce certain evidence while the adverse party is introducing his evidence is not reversible error: Section 132 of Code. The order of proof is within the discretion of the trial court and its ruling, refusing to admit in the case in chief on the part of the state, evidence which is properly a part of the defense of the defendant, will not be disturbed except for abuse: *Roberson* v. *Ellis,* 58 Or. 219 (114 Pac. 100, 35 L. R. A. (N. S.) 979); *McGregor* v. *Oregon Ry. & Nav. Co.,* 50 Or. 527 (93 Pac. 465, 14 L. R. A. (N. S.) 668). The testimony sought to be introduced was material

and while close to the line of proper cross-examination the defendant could not be injured by being required to introduce such testimony at a later stage of the trial in so far as the record discloses.

13. Counsel for defendant complained because the state was permitted to cross-examine defendant Stilwell for the purpose of testing the credibility of the witness. Defendant was asked concerning the pleadings in the civil case for the purpose of fixing a time when he was first advised that Welch claimed he had a written contract relating to the pasturage. This pertained directly to the question of good faith of the defendant in his testimony to the effect that he was confused in the trial of the civil action when he was confronted with the written contract.

14, 15. Under our statute, upon the trial of criminal action a defendant who elects to testify in his own behalf waives the constitutional protection guaranteed by Article I, Section 11, Constitution of Oregon, as to all matters germane to the facts to which he has testified upon his examination in chief: *State* v. *Deal,* 52 Or. 568–570 (98 Pac. 165). In the cross-examination of a defendant in a criminal action, the state should not be held to a rigid rule which would restrict the cross-examination, so as to prevent inquiry as to any matters which would throw light upon the testimony given in chief and germane thereto. Subject to the limitation that the cross-examination shall pertain to the testimony given upon the examination in chief the accused subjects himself to the same liabilities on cross-examination as do other witnesses: Wharton Crim. Ev. 905, § 430. The prosecutor is not required to frame his questions in the language used by counsel upon the examination in chief. The inquiry upon cross-examination may ex-

tend to facts and circumstances apparently germane to the facts testified to in chief. Such cross-examination may be as searching and broad as the foundation upon which it rests: *State* v. *Wong Wen Teung,* 99 Or. 95–111 (195 Pac. 349).

We find no error in the ruling of the court, upon the cross-examination of defendant Stilwell.

It is further contended on behalf of defendant that the evidence fails to show that the alleged crime was committed in Union County, Oregon. This contention seems to be based upon the claim that the judgment-roll certified to by the clerk and under the seal of the court did not constitute competent proof of the record in the civil case. We have already mentioned this question. That record which is taken as an absolute verity shows that the Circuit Court of the State of Oregon for Union County was in session in the City of La Grande, Union County, Oregon, on the date when the two civil cases were tried, and the testimony of witnesses indicated that defendant F. E. Stilwell was then and there called as a witness in those cases in that court and was sworn and testified. The point is not well taken.

16. Defendant complains that the court excluded testimony of defendant tending to show other issues, in relation to the range and other matters, involved in the civil case. It is true that there were other issues involved in the civil case, but they were immaterial in the present case so far as the question in regard to the contract between Stilwell and Welch was concerned and the testimony was properly excluded. It was not essential upon the trial of the perjury case to try the civil case in which the false testimony was alleged to have been given upon its

merits. The trial court so ruled and charged the jury.

17. Counsel for defendant complains of the instruction of the court to the jury; that in stating the material allegation of the indictment, the court ignored the allegation as to what the truth of the matter really was. In instruction No. 7 the court, among other things, stated:

"It is further a material allegation in said indictment that defendant Stilwell did in fact write and sign the said instrument so offered in evidence in said cause, and in the trial of this action."

The charge covers the point in plain language for the jury.

Defendant complains of instruction No. 15, which was as follows:

"You are further instructed, that if you find from the evidence that said cause was so tried in said court, as alleged, and that the defendant was so sworn before he gave testimony in said trial, and that he then and there testified in substance that he had no other than an oral agreement with the said W. J. Welch, and also that he then and there testified in substance and effect that said oral agreement was to the effect that for the pasturing of the cattle of the said W. J. Welch he was to receive and have from the said W. J. Welch '65 cents per head per month for the season of six months,' then and if he so testified, such testimony pertaining to said written instrument was then and there material to the issue then under investigation in said court."

In instruction No. 17 in charging the jury that if they believed from the evidence beyond a reasonable doubt to the effect that if the defendant was sworn as a witness upon the civil cases at the time alleged and further:

"That he thereupon testified in substance and effect in said trial, that he had not written and signed any written contract with the said W. J. Welch, and that the contract entered into between himself and the said W. J. Welch, pertaining to the pasturing of the cattle was an oral contract only, and that such oral contract was in substance and effect that the said W. J. Welch was to pay 65 cents per head per month for the season of six months for such pasturing of said cattle, and if you further so find that he had in fact theretofore written and signed a written instrument, to which his name and that of W. J. Welch is attached, and which is offered in evidence in this trial, and if you so find that the testimony denying the execution and signing of said writing was false and corrupt, and that he then and there knew and realized that it was false, then and in that event, it would be your duty to return a verdict of .guilty as charged."

To the determination by the court as to what was material, and the giving of the foregoing instructions the defendant then duly excepted and his exceptions were allowed.

Counsel for defendant urges at the oral argument and in the brief that the instructions were erroneous for the reason that there was no evidence in the present case to the effect that Stilwell, upon the trial of the civil cases, swore that he had an oral agreement with W. J. Welch to the effect that he was to receive from Welch the "sum of 65 cents per head for the season of six months for the pasture of Welch's cattle"; and there was no foundation for the charge.

18. It will be seen that it was alleged in the indictment that Stilwell, upon the trial of the civil case, testified in substance to the same effect as mentioned in the instructions to the jury. It must be conceded that the testimony in regard to the terms of the oral

contract under the circumstances of this case was material. Where the indictment sets out the identical issues in which the testimony was material, then the evidence offered must correspond with the averments of the indictment and be confined to the point at issue: *State* v. *Olds,* 18 Or. 440, 443 (22 Pac. 940). Testimony to justify the instruction and show that the alleged false testimony was material cannot be presumed. It must be proven: *State* v. *Mackey,* 12 Or. 154 (6 Pac. 648); *State* v. *Stiles,* 81 Or. 497, 508 (160 Pac. 126); *Pearson* v. *Dryden,* 28 Or. 350 (43 Pac. 166); *Oberlin* v. *Oregon W. R. & N. Co.,* 71 Or. 177 (142 Pac. 554).

We regard this question as a pivotal one in the case. It has important bearing upon the motion for a directed verdict. The testimony in this case as to what the evidence of Stilwell in the civil case was in regard to the terms of the oral agreement between Stilwell and Welch was given by two witnesses. The oral contract was mentioned by other witnesses.

Mr. Chandler, who served as a juror upon the trial of the civil case, was called as a witness on the part of defendant. He testified, among other things, the following:

"Q. Mr. Stilwell was sworn and testified in that case, you say?

"A. Yes, sir.

"Q. What was his testimony as you remember it, as to the agreement with W. J. Welch, in respect to pasturing his stock?

"A. Why some sort of an agreement I understood,—

"Q. How is that?

"A. Some sort of an agreement to pasture a large number of cattle.

"Q. And state what was the testimony in respect to the time that Stilwell,—what was the agreement as to the time he was to pasture his stock?

"A. If I remember right it was,—he was to pasture them for sixty-five cents a month per head for the season."

Mr. George Richardson, one of the jurymen in the trial of the case of *Stilwell* v. *Welch,* was called as a witness on the part of the defendant and testified as follows:

"Q. And do you remember what the testimony of Stilwell was relative to the price per head of the cattle that he pastured of Mr. Welch's?

"A. Yes.

"Q. How much did he testify to?

"A. Sixty-five cents per head per month.

"Q. And do you remember about the length of time?

"A. Yes.

"Q. What was his testimony as to that?

"A. For the season.

"Q. And did Mr. Stilwell also testify as to the time that the cattle were actually pastured?

"A. Yes.

"Q. And did he testify as to what the average time was?

"A. Yes.

"Q. And do you remember what his testimony was in regard to that?

"A. Yes.

"Q. What was that testimony?

"A. Six months."

19. It, therefore, appears from the record that the instruction in regard to the testimony in the civil cases as to the terms of the oral contract was justified by the evidence in the present case, and were based upon a proper foundation, and were therefore not erroneous. There seems to have been but little

controversy as to what the testimony of Mr. Stilwell was upon the trial of the civil case.

20–23. Upon a prosecution for perjury the materiality of the alleged false testimony may be shown by introducing all or so much of the pleadings in the action as to show the issues, together with the proof of such facts as tend to show the testimony to be on a material issue: 30 Cyc. 1446; 3 Greenleaf, § 197; Underhill on Crim. Ev. (2 ed.), § 467. Before one can be convicted of perjury, it must be established beyond a reasonable doubt that he testified as charged, and that the testimony so given was willfully false. It is not necessary that the whole of the testimony given by defendant at the time of the alleged perjury should be given in evidence, so much thereof as relates to the particular part on which the perjury is assigned is sufficient: 30 Cyc. 1451. The materiality of such testimony must be established by evidence and cannot be left to presumption or inference, and proof that the testimony was admitted on the trial is not sufficient to warrant a jury in inferring that such testimony was material to the issue: 21 R. C. L., p. 259, § 6; note, 85 Am. Dec. 494.

24. On the "facts offered" in a case of perjury it is the duty of the court to instruct the jury as to what fact constitutes "material testimony": 1 Wharton's Crim. Ev. (10 ed.), p. 271, § 87. That part of the charge of the court which we have set out above shows that the main question in the case was plainly submitted to the jury. Several other instructions, particularly numbers 10 and 12, are criticised by defendant. When taken in connection with the whole charge we think they were perfectly plain and correctly submitted the cause to the jury.

Defendant tendered several requested instructions to the jury for the purpose "of submitting to the jury the status and issues of the civil cases at the time the perjury is alleged to have been committed." From a careful examination of the requests we believe that in so far as they are appropriate to the case, they are correctly covered by the charge of the court to the jury. There was plenty of testimony to be submitted to the jury.

Finding no reversible error in the record the judgment of the trial court is affirmed.

AFFIRMED.   REHEARING DENIED.

Mr. Justice BURNETT did not sit in this case.

