Argued November 14, 1951, affirmed March 12, 1952

# STATE OF OREGON *v.* DAVIS

241 P. 2d 869

*W. H. Dashney,* of McMinnville, argued the cause for appellant. On the brief were Marsh, Marsh & Dashney, of McMinnville.

*Henry W. Devlin,* Deputy District Attorney for Yamhill County, argued the cause for respondent. On the brief were George Neuner, Attorney General, of Salem, Earl A. Nott, District Attorney for Yamhill

County, and Elliott B. Cummins, Deputy District Attorney for Yamhill County.

Before BRAND, Chief Justice, and HAY, ROSSMAN, LUSK and WARNER, Justices.

BRAND, C. J.

The defendant, Orin M. Davis, was indicted, tried, and convicted of the crime of false swearing under the provisions of OCLA, § 23–604, for which offense he was fined $350. From this sentence he now appeals. The statute reads in part as follows:

"If any person authorized by any law of this state to take an oath or affirmation, or of whom an oath or affirmation shall be required by such law, shall wilfully swear or affirm falsely in regard to any matter or thing concerning which such oath or affirmation is authorized or required, whether or not the same is material, such person shall be deemed guilty of false swearing * * *." OCLA, § 23–604.

The indictment reads in part as follows:

"The said, Orin M. Davis, on the 8th day of December, 1950, in the County of Yamhill and State of Oregon, then and there being and then and there being on his examination as a witness, duly sworn to testify the truth in an action at law in the Circuit Court of said County and State, between Orin M. Davis, Plaintiff, and John E. Fleetwood and Margaret E. Fleetwood, Defendants, and then and there being a person authorized by the law of the State of Oregon to take an oath and of whom an oath was required by law, did then and there unlawfully and wilfully swear falsely in regard to a matter and thing concerning which said oath was then and there authorized and required, by then and there wilfully and unlawfully swearing in substance that a certain

bank check dated October 1, 1949, and drawn by the said Orin M. Davis, in favor of Margaret E. Fleetwood and then and there marked as Plaintiff's Exhibit 'A', was then and there the same as it was upon the date it was written and delivered and had not in any way been altered after it had been cashed and returned to the said Orin M. Davis, from the bank, said testimony then and there being wilfully false, contrary to the statutes * * *." etc.

The first assignment of error is somewhat technical. From appellant's brief we read the following:

"The case of Davis vs. Fleetwood, a civil action wherein the defendant herein was plaintiff, came on regularly for trial in the Circuit Court for Yamhill County, Oregon, on December 8, 1950, and resulted in a verdict and judgment for the plaintiff * * *"

The assignment of error reads as follows:

"The Court erred in denying defendant's motion for a directed verdict of acquittal on the ground that the State had failed to properly prove the judicial proceeding in which the alleged false swearing was alleged to have been committed."

Thus the defendant, in his brief, admits the existence of a judicial proceeding, to wit, a trial in the case of *Davis v. Fleetwood,* the very fact which, by his assignment of error, he asserts was not proven. We will summarize a portion only of the evidence tending to prove that the defendant Davis testified falsely in a judicial proceeding. The county clerk of Yamhill county testified that he was custodian of the court records, that the case of *Davis v. Fleetwood* was among those records, that one, and only one check was introduced in evidence and used as an exhibit. That check was offered and received in evidence as State's exhibit "A". It was received without objection. The endorse-

ment upon it indicates that the check, State's exhibit A, was marked for identification and then marked "in evid", after which was the abbreviation "adm". Witness Fleetwood testified that he was involved with the defendant Davis in litigation involving the check, exhibit A; that the court trial occurred on 8 December in the Yamhill county court house. On cross-examination by counsel for the defendant, the following testimony was elicited:

"MR. DASHNEY: This controversy that the District Attorney has talked about finally resulted in a lawsuit, didn't it. Mr. Fleetwood? A That's right.

"Q In that lawsuit the defendant in this case recovered a judgment against you? A Yes."

Mrs. Fleetwood identified exhibit A as the check signed by Orin M. Davis and payable to her. Upon its face exhibit A reads as follows:

"No. 142

$$\frac{96-238}{1232}$$

YAMHILL STATE BANK

'A Home Bank' Commercial and Savings

Yamhill, Oregon Oct. 1 1949

Pay to the                                              00
    order of Margaret E. Fleetwood          $50.100

Fifty and no/100                                  Dollars

Rightaway for Elmer Bachmanns timber
                        all

                                 Orin M. Davis  "

Upon exhibit "A" the words "Rightaway for Elmer Bachmanns timber" are written in longhand in a substantially straight line. The word "all" is written under the narrow space between the words "for" and

"Elmer". The witness, Mrs. Fleetwood, testified that when she received the check the word "all" was not upon it. Other evidence disclosed that the check went through the United States National Bank where it had been photostated and that the word "all" preceding the words "Elmer Bachmanns timber" was not upon the check at that time. A photostat of the check as it was when it went through the bank was received in evidence as State's exhibit "B". At the time that State's exhibit B was offered, counsel for the defendant made the following statement:

> "Now, Your Honor, I told the District Attorney that in order to save time and bother and expense, that I was perfectly willing to stipulate with him that this photostat is a true representation of the face of the check at the time that it was given to the bank, but I don't think this is properly introduced in evidence. * * *"

Exhibit B was received in evidence.

The court reporter testified that she had preserved her notes concerning the testimony of the defendant Davis who was plaintiff in the case of *Davis v. Fleetwood*. From the testimony she quoted the answers of Davis, which may be summarized as follows: He testified that his was the signature on the check, exhibit A, and that the check was "The same as it was written at the time" he "gave it to them." Again Davis testified that he was sure that he did not write the word "all" afterwards, but he also said that he could have been mistaken. Later Davis testified: "When I gave them the check, I wrote it on there for all of Elmer Bachmann's timber." The court reporter also testified that the defendant Davis was sworn in as a witness in the case of *Davis v. Fleetwood,* wherein the testimony was given.

The substance of the defendant's assignment of error is that the judgment roll was not offered in evidence. He cites OCLA, § 2-714 ,which provides:

"A judicial record is the record, official entry, or files of the proceedings in a court of justice, or of the official act of a judicial officer, in an action, suit, or proceeding."

He contends that it was necessary for the state to introduce in evidence the judicial record referred to in that section. In support of his contention, the defendant cites three cases.

In *State v. Kalyton,* 29 Or 375, 45 P 756, the defendant was convicted of the crime of perjury. Upon appeal the refusal of the trial court to direct a verdict for the defendant was assigned as error. It was contended first that it was "not shown that defendant had been duly sworn in the trial of an action 'In the Justice's Court for East Pendleton Precinct, in Umatilla County, Oregon' ", and second, that there was "no sufficient proof of the pendency of any criminal or other action in said justice's court". This court held that the state must allege and prove in what court the oath was alleged to have been taken, and it held further that "it nowhere appears that the action was pending in the Justice's Court for East Pendleton Precinct, or that the oath was taken in said court." In that case we have examined the appellant's brief which shows that the defendant objected to the testimony of the Justice of the Peace or to the introduction of any testimony. The court also said:

"* * * At all events, it is essential to produce the record, if any was made, of the judicial proceedings or cause wherein the false testimony is alleged to have been given * * *."

But the court also said:

"* * * the record of the trial does not disclose that the defendant either admitted that such was the issue, or waived the production of the record from the justice's court."

In *State v. Stilwell*, 109 Or 643, 221 P 174, the defendant was convicted of perjury. In that case the judgment roll was introduced in evidence, but the clerk of the court also testified that he acted as clerk in the case in which the perjury was alleged to have occurred and that the defendant was called and sworn as a witness. The court said:

"Upon the trial of the present case it was incumbent upon the state to legally prove the record of the judicial proceedings in which the perjury is alleged to have been committed. * * *""

The court added, however, that the judgment roll is not the exclusive record of the proceedings of the case.

In *State v. King*, 165 Or 26, 103 P2d 751, the defendant was convicted of the crime of false swearing. The trial court admitted the judgment roll in evidence and this was assigned as error by the defendant. The court held that no error was committed and repeated the statement that it was incumbent on the state to prove the record of the judicial proceedings.

■ To summarize: In the first case cited, the judgment roll was not introduced and the court held in substance that there was no oral evidence of a judicial proceeding in which the oath was taken. In the other two cases the judgment roll was received in evidence and its receipt was held to have been proper. In the case at bar, oral evidence was received without objection to the effect that the case of *Davis v. Fleetwood* was tried in the circuit court room in Yamhill county, was reported by the official court reporter in the circuit

court of Yamhill county on 8 December 1950 and that the defendant was sworn as a witness and testified falsely in that case. If the defendant in this case had objected to the oral testimony and insisted during the reception of evidence that the judgment roll was the only or best evidence of the existence of the judicial proceeding, a different question would have been presented, but he elected to wait until all of the testimony had been taken and until the state had rested, at which time he asked for a directed verdict of acquittal because the state had "failed to *properly* prove the judicial proceedings in which the alleged false swearing was alleged to have taken place". (Italics ours.) Before the court ruled on the motion, the defendant rested without introducing any evidence and renewed the motion. The prosecution asked leave to reopen the case and introduce the judgment roll. Counsel for the defendant objected and the court denied the motion to reopen. The case was submitted on the oral evidence and the conviction resulted. The defendant's objection came too late.

■ The defendant in the case at bar asserts that "The Court erred in denying defendant's motion for a directed verdict of acquittal on the ground that the testimony of the defendant in the case of *Davis v. Fleetwood* did not constitute false swearing." The record establishes conclusively that the check, as originally drawn by the defendant, and as delivered to Mrs. Fleetwood, was for $50 for rightaway [right-of-way] for Elmer Bachmann's timber. The undisputed testimony was that the defendant was authorized to take 200,000 feet of timber. Exhibit A demonstrates that after the check had gone through the bank it was altered so as to read "for all Elmer Bachmanns timber". Although the defendant wavered somewhat

at times in his testimony, he nevertheless repeatedly stated falsely that the check, when given to Mrs. Fleetwood, read "for all Elmer Bachmanns timber". There was an obvious motive for the false swearing, and under all of the circumstances of the case, we are of the opinion that it was for the jury to say whether the defendant's testimony in the case of *Davis v. Fleetwood* was wilfully false. The court properly instructed the jury as to the issues involved and their verdict of guilty is conclusive on this aspect of the case.

The judgment is affirmed.