**Beatrice RISHER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 619.**

Supreme Court of Alaska.

Sept. 29, 1966.

James K. Tallman, Anchorage, for appellant.

Thomas E. Fenton, Dist. Atty., William H. Fuld, Asst. Dist. Atty., Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant was convicted by a jury of perjury for false statements made in an affidavit executed by her as surety on a property bond filed in connection with a criminal proceeding.[1]

---

1. Crim.R. 41 states in pertinent part:
   (c) Undertaking—Sureties.
      (1) *Form of Undertaking.* When an order is entered admitting a person to bail, there must be filed with the magistrate a written undertaking in the amount specified in the order, executed by at least two individual sureties or by one corporate surety. The undertaking must be executed and acknowledged in the presence of the magistrate, and his written approval or disapproval must be endorsed thereon.
      (2) *Qualifications of Surety.*
      [a] *Individuals.* Each individual surety must be a resident of the state. Each must be worth the sum specified in the undertaking, exclusive of property exempt from execution, and over and above all just debts and liabilities, ex-

The facts which appellant was convicted of having falsely sworn to were that she was the unconditional owner of the premises at 826 17th Street, Fairbanks, of 5 acres on Badger Road and of 70 acres in Nenana and that the appraised values of properties at 727 17th Street and 826 17th Street, Fairbanks, were $8,500 and $20,000 respectively.

Appellant's main point on appeal is that there was a failure in the State's proof of the true value of the properties.

The State's evidence on the value of the properties consisted of the testimony of Kenneth Ringstad, Tax Assessor for the North Star Borough, that on January 1, 1964, the assessed value of 727 17th Street was $750.00 and of 826 17th Street was $11,500.00; that prior to the above assessment for 727 17th Street and before the building thereon burned down in 1963, the land was valued at $500.00 and the building at $6,100.00. The State also introduced Exhibit D, a lone application submitted by appellant to the First Federal Savings & Loan Association of Fairbanks dated July 19, 1963. On page 4 of this application appellant listed and described the properties she owned under the following entries:

| Title | Address | Type | Rent | Value | Mortgage | Mortgage Original Balance |
|-------|---------|------|------|-------|----------|---------------------------|
| Lot | 727 17th | Lot | House Burned | $2,500 | None | ~~$3,000.00~~ |
| Multi home | 826 17th | | $140.00 | $24,500 | Kenneth Cotton | $4,200.00 |

Appellant's testimony was that the figures in the application were inserted by the bank.

Appellant argues that the State was obliged to prove the true value of the property and that its proof failed since the witness Ringstad's testimony was not corroborated. Authorities are cited for the general rule that a perjury conviction cannot be had on the testimony of one witness alone, but that there must be corroborative evidence and it is argued that there was none in this case.

The State argues that the requirement of corroboration is outmoded, if it ever had any useful function, and should not be adopted for Alaska. It asks why corroboration should be required for perjury when it is not required for rape or murder.[2]

The State argues, though, that even if corroboration is required, it is supplied by Exhibit D wherein appellant places a value of $2,500 on 727 17th Street in her application to First Federal for a loan. Additional corroboration is supplied, the State contends, by appellant's own testimony. At

cept that where there are more than two sureties, each may be worth a lesser amount if the total net worth of all of them is equal to twice the sum specified in the undertaking. No attorney at law, peace officer, clerk of any court, or other officer of any court is qualified to be surety on the undertaking.

\* \* \* \* \*

(3) *Affidavits of Sureties.*

[a] *Individuals.* The undertaking must contain an affidavit of each sure-

ty which shall state that he possesses the qualifications prescribed by paragraph (2) of this subdivision.

2. For a scholarly discussion of the origin of the rule requiring the testimony of two witnesses or of one witness plus corroboration to sustain a conviction of perjury see 7 WIGMORE, EVIDENCE §§ 2030, 2040–2042 (3d ed. 1940).

a hearing on sureties held in the superior court on March 27, 1964, appellant's testimony with respect to the value of 727 17th Street, was that the original purchase price of the property was $8,500; that the house on the property had burned; that thereafter the bank had valued the property at $3,500. During questioning by the District Attorney the following transpired:

Q. So in other words, you falsified when you wrote on here that that property was worth $8500.00, isn't that true?

A. I might have misread—yes, I did. That is true.

Q. And this is worth $3500.00, at the estimate at the Bank?

A. Yeah, this was 35 * * * I think I * * * somehow I go * * * well, anyhow, that's a falsehood. I have to admit it.[3]

At the trial appellant testified that she had stated the purchase price of the property at 727 17th Street in the affidavit, rather than its real value.

■ We believe the rule which should attain in Alaska on the question raised by appellant[4] is that stated in People v. Agnew,[5] that the corroborated testimony of one witness is sufficient; that the corroborative evidence may be circumstantial as well as direct; that it may be discerned in the testimony and behavior of the accused; that it need not be sufficient to establish the fact without the aid of other evidence and that it is the function of the jury to interpret the attitude, conduct and testimony of the accused to determine whether or not corroboration has been supplied. This rule was applied in part in an Alaska case by the Ninth Circuit Court of Appeals in Vedin v. United States.[6]

■ Here the jury had before it Exhibit D showing that the property at 727 17th Street was valued therein at $2,500.00, appellant's own testimony given under oath in the superior court at the hearing on sureties, as well as her testimony, conduct and demeanor at the trial, all of which could be considered by them in determining whether the testimony of Ringstad was sufficiently corroborated to permit them to find appellant guilty of perjury.

The next point to be considered is appellant's contention that the trial court erred in refusing to grant appellant's motion for judgment of acquittal because the State failed to prove wilfulness or criminal intent.

Appellant's argument is that she was a semiliterate, elderly,[7] uneducated woman who was attempting to fully disclose all property in which she had an interest, but that her misunderstanding of legal terms caused her to swear that she owned property which she in fact did not own, but merely had an interest in; that although she was aware that the building at 727 17th Street had burned, she was of the belief that she was required to state in the bond the amount she had paid for the property and that, in any event, the property was worth $8,500.00 rather than $750.00 as claimed by the State.

■ Appellant's actual state of mind could not be directly proved and the ques-

3. The entire transcript of this hearing was admitted into evidence by stipulation of counsel for appellant and the state.

4. The precise question before us is not covered by statute in Alaska as it is in many states. However, AS 12.45.020 requires the testimony of an accomplice to be corroborated by other evidence which tends to connect the defendant with the commission of the crime, and AS 12.45.040 requires corroboration of the testimony of the injured female by other evidence tending to connect the defendant with the commission of the crime with respect to certain sex crimes.

5. 77 Cal.App.2d 748, 176 P.2d 724, 728 (Cal.App.1947), cert. denied, 337 U.S. 909, 69 S.Ct. 1041, 93 L.Ed. 1721 (1949).

6. 257 F. 550, 552 (9th Cir.), cert. denied, 250 U.S. 663, 40 S.Ct. 11, 63 L.Ed. 1196 (1919).

7. According to the evidence appellant was approximately 41 years of age when the offense was committed.

tion of whether the statements made by her under oath were wilfully false was for the jury.[8] Appellant's explanations along with all other evidence bearing on wilfulness or criminal intent were before the jury and their verdict is final.

Appellant's last point is that the jury's verdict was against the weight of the evidence in that there was a failure to prove wilfulness or criminal intent beyond a reasonable doubt.

Since we have already held that this was a question for the jury and that its verdict was final, we shall devote no further time to this argument.

The judgment below is affirmed.

---

8. See People v. Dixon, 99 Cal.App.2d 94, 221 P.2d 198, 199 (Cal.App.1950), State v. Davis, 194 Or. 248, 241 P.2d 869, 872 (1952).