HERBERT B. MACKINTOSH, trustee, petitioner.

Suffolk.    October 19, 1923. — November 13, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Probate Court,* Exceptions.

There is no statutory provision for the presentation of bills of exceptions to, or for the allowance of bills of exceptions in, the Probate Court.

PETITION, filed in this court on September 27, 1923, by the trustee under the will of John M. Hodge, presenting for allowance a bill of exceptions, alleged to have been saved by him at a hearing upon his account in the Probate Court by *McCoole,* J., which had been disallowed by the judge.

The petition did not contain any allegation as to the date of the filing of the trustee's account as to which the hearing was held; but from allegations in the proposed bill of exceptions, it appeared that the account must have been filed at some time after January 1, 1920, when St. 1919, c. 274, became operative.

The petition contained the following allegation: " Prior to the filing of said annexed bill of exceptions, your petitioner had seasonably filed a claim of appeal from said decree of the Probate Court to the Supreme Judicial Court; " that, at the hearing in the Probate Court, " a commissioner was appointed to report the evidence. . . . The Probate Court stated that it disallowed said bill of exceptions, leaving the questions saved by the exceptions to be heard and determined by the Supreme Judicial Court with the appeal, as provided by G. L. c. 214, § 25 and c. 231, § 125."

In this court, Carrie A. Hodge, a beneficiary under the will of John M. Hodge, moved to dismiss the petition.

*H. B. Mackintosh,* petitioner, *pro se.*

*W. G. Moseley,* for the respondent.

RUGG, C.J.    This is a petition to establish exceptions alleged to have been taken at a trial in the Probate Court

and to have been disallowed by the judge. A motion to dismiss the petition has been filed. The question presented is whether under the law a party aggrieved by rulings of law made by the Probate Court, whether in the admission or exclusion of evidence or otherwise, may obtain review thereof by a bill of exceptions.

It is plain that before St. 1919, c. 274, became operative on the first day of January, 1920, there was no such thing known to our law as exceptions in the Probate Court. The remedy for errors, whether of law or fact, committed by that court was exclusively by appeal, and on appeal commonly the case was tried anew both on law and fact. *Littlejohn* v. *Littlejohn*, 236 Mass. 326. No provision was contained in said c. 274 relative to exceptions. One main purpose of that statute was to render findings of fact made by the Probate Court final, save as reviewed upon report of the evidence by the full court on appeal in accordance with the established equity practice. One trial of the facts was substituted for the two trials on facts previously permissible. The exclusive remedy provided by said c. 274 for the relief of one " aggrieved by an order, decree or denial of a probate court or of a judge of that court, in any proceeding " was by appeal to the full bench of this court. The procedure followed that on an appeal in equity. St. 1919, c. 274, §§ 1–4. *Churchill* v. *Churchill*, 239 Mass. 443. These provisions are now found in G. L. c. 215, §§ 9–12, 22. When said c. 274 was enacted, according to equity practice there was remedy by appeal for the correction of errors of law regarding the improper admission or rejection of evidence raised by exceptions during the trial in which the evidence was reported to the full court to the same extent as if contained in a bill of exceptions. St. 1913, c. 716, § 4. G. L. c. 214, § 25. The permissible practice in this particular in this Commonwealth was by statute made to conform to the general equity practice outside of this Commonwealth. *Pigeon's Case*, 216 Mass. 51, 55. Compare *Knowles* v. *Knowles*, 205 Mass. 290. Equity practice thus was made simple and expeditious. Emphasis was thereby given to the repeated declaration by this court that it is preferable

equity practice to bring all questions of law to this court by appeal and not by exception. *Cushman* v. *Noe*, 242 Mass. 496, 501, and cases there collected.

It is plain that as the statutes stood prior to the enactment of the General Laws no provision existed for exceptions in the Probate Court. · No exceptions were known to probate practice in the probate courts.

No change was made in this respect by the General Laws. The only means for securing review of " an order, decree or denial " made by the Probate Court is by appeal to this court. G. L. c. 215, § 9. It is expressly enacted by § 12 of the same chapter that upon such an appeal " the evidence and all questions relating thereto shall be governed by " G. L. c. 214, §§ 24, 25, and c. 231, § 125. The first two of these sections relates wholly to the raising of exceptions to evidence in equity by appeal and to the appropriate means for making them appear on the record. It would be difficult to state in language more clear an unequivocal legislative purpose not to permit the filing of a bill of exceptions in the Probate Court, and not to change the pre-existing practice in this particular.

The provision of G. L. c. 231, § 144, to the effect that c. 231, § 113, as to exceptions, together with many other sections, " shall apply to suits in equity, and also to proceedings in the probate courts and in the Supreme Judicial Court upon an appeal from a probate court, so far as they are applicable," does not overcome the plain restriction to appeal, to the entire exclusion of bills of exceptions, as the sole means for correcting errors alleged to have been committed by the Probate Court found in G. L. c. 215, §§ 9–12. No legislative disposition is revealed in the revision and consolidation of the statutory law in the General Laws to make such a fundamental alteration in probate practice and procedure. Indeed, the contrary intent is manifest. Commonly no change in meaning is wrought even by mere verbal modifications in the revision of statutes. *Main* v. *County of Plymouth*, 223 Mass. 66, 69. *Commonwealth* v. *Kozlowsky*, 238 Mass. 379, 387. *Leonard* v. *School Committee of Springfield*, 241 Mass. 325, 328. As recently was

said in *See* v. *Building Commissioner of Springfield, ante,* 340, " A revision of preëxisting statutes is to be read in the light of those statutes and as a continuation of those earlier provisions unless there is clear indication of a legislative intent to change the meaning. *Derinza's Case,* 229 Mass. 435, 442. *Lacy* v. *Selectmen of Winchendon,* 240 Mass. 118, 121."

The irresistible conclusion is that there is no provision under the statutes for the presentation of bills of exceptions to or for the allowance of bills of exceptions in the Probate Court. The statutes afford by appeal abundant means for the correction of all errors which in the Land Court, the Superior Court and the Supreme Judicial Court, with their different jurisdictions and history of practice, may be presented by exceptions. The probate practice is thus more expeditious and is in conformity to general equity practice, *Pigeon's Case,* 216 Mass. 51, 55; to practice under the workmen's compensation act, *Gould's Case,* 215 Mass. 480, 483, and to revision of errors in the appellate divisions of the Municipal Court of the City of Boston and of the district courts. *Cohen* v. *Berkowitz,* 215 Mass. 68, 70, 71. The provisions of G. L. c. 231, §§ 117, 118, as to the establishment of exceptions disallowed, do not apply to the case presented by this petition.

*Petition dismissed.*