Argued at Pendleton February 19; affirmed February 26;
rehearing denied April 2, 1935

## STATE *v.* CHRISTIANSEN

(41 P. (2d) 442)

E. R. *Ringo*, of La Grande, for appellant.
*Robert V. Chrisman*, of Enterprise, for the State.

BELT, J. Defendant was convicted of the crime of larceny in a dwelling house.

The first assignment of error is that the following indictment fails to allege facts sufficient to constitute a crime:

"Carl Christiansen is accused by the Grand Jury of the county of Wallowa by this indictment of the crime of larceny in a dwelling house committed as follows:

"The said Carl Christiansen on the 25th day of November, A. D. 1933, in the said county of Wallowa and state of Oregon, then and there being did then and there at the same time and place take, steal and carry away in a dwelling house, certain personal property, to-wit, two sacks of flour, then and there being the personal property of Kelso Draper contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Oregon."

It is contended that the above indictment is fatally defective in that there was a failure to include the word, "feloniously" in accordance with the code form (Form No. 12, p. 1494, Vol. 1, Oregon Code 1930). We think, however, that the sufficiency of the indictment does not depend upon the use of the precise words set forth in this form. Instead of alleging that the defendant "*feloniously* took and carried away in a dwelling

house'' certain property, it is charged that he did ''take, *steal,* and carry away in a dwelling house'' certain property. In other words, the district attorney saw fit to follow the language of the statute defining larceny (§ 14-315, Oregon Code 1930) rather than the form provided by the Code. Defendant has no cause to complain since this statutory offense was described in language of such particularity and certainty that there could be no reasonable doubt in his mind as to the crime with which he was charged: *State v. Tovrea,* 123 Or. 231 (261 P. 431). Webster thus defines ''steal'': ''To take and carry away *feloniously;* take without right or leave, and with intent to keep wrongfully.'' Also see Vol. 4, Words and Phrases (2d Series) p. 688. The statute (§ 14-316, Oregon Code 1930) makes it a felony to steal property in a dwelling house. To aver that the defendant did *feloniously* steal and carry away certain property from a dwelling house would not strengthen the indictment. Such use of the word ''feloniously'' would have been superfluous: 31 C. J. 699. Cases squarely in point and adverse to the contention of the defendant are: *People v. Lopez,* 90 Cal. 569 (27 P. 427), and *State v. Basinger,* 46 Idaho 775 (271 P. 325). No objection to the indictment was made in the lower court. To sustain the contention of the appellant, urged here for the first time, would, in our opinion, be unduly stressing technicalities. Those days are gone forever.

■ There was no abuse of discretion in denying the motion of defendant for a continuance. The affidavits in support of such motion failed to show due diligence to obtain the witnesses therein mentioned or to indicate that they could be secured to testify in the event a continuance were granted. Furthermore, the motion and the affidavits were not filed until after the judg-

ment of conviction had been entered. See § 13-905, Oregon Code 1930. The case was once continued on the motion of the defendant. It is not believed that the interests of justice demand, in this case of clear guilt, a second continuance.

■■ Defendant was charged with having stolen two sacks of flour. It is claimed that error was committed in receiving evidence relative to another offense, viz, the stealing of four turkeys. The evidence introduced by the state tended to show that the theft of the turkeys and that of the flour were parts of the same transaction. It is well established that if several criminal acts are so connected with respect to time and locality that they form an inseparable transaction and a complete account of the offense charged in the indictment cannot be shown without detailing the particulars of such other acts, evidence of the same may be received to establish the crime charged: *State v. Evans*, 143 Or. 603 (22 P. (2d) 496). The state had the right to trace the defendant to the scene of the alleged crime and to show his possession of the stolen property. If the flour became mixed with turkey feathers, the defendant cannot be heard to complain. Both belonged to the same man and were stolen at the same time and place: Underhill's Criminal Evidence (3d Ed.) § 152.

■ Exception was taken to the giving of the following instruction:

"I instruct you, gentlemen of the jury, that if you believe from the evidence in this case, beyond a reasonable doubt, that the two sacks of flour mentioned and described in the indictment, were stolen from Kelso Draper and that Kelso Draper was the owner thereof, and that shortly after the theft of such articles they were found in the possession of the defendant, Carl Christiansen, and that said defendant has failed to

explain how he obtained such possession, if you so find, his failure to make such explanation may be considered by you as a circumstance tending to show the defendant's guilt and given such weight as you deem proper in connection with the other evidence in the case."

In the above instruction, we see no invasion of the province of the jury. Neither did it shift the burden of proof. The same instruction was approved by this court in *State v. Minnick,* 54 Or. 86 (102 P. 605). The instruction in *State v. Keelen,* 103 Or. 172 (203 P. 306, 204 P. 162)—which was similar to the one under consideration—was not applicable to the facts in that case and therefore considered ground for reversal.

Finding no reversible error, it follows that the judgment of the lower court is affirmed.

CAMPBELL, C. J., and ROSSMAN and KELLY, JJ., concur.