Argued March 15; affirmed March 28; rehearing denied
April 25, 1939

# WICKWIRE *v.* KING

(88 P. (2d) 803)

Department 1.

*James K. King,* of Eugene, in pro. per.

*Fred E. Smith,* of Eugene, for respondent.

BEAN, J. This is a suit for an accounting by Deamus L. Wickwire, as executor of the last will and testament of Charles Wickwire, deceased, against defendant James K. King.

Defendant is an attorney at law practicing in Eugene, Oregon. He was employed by the executor and

acted as attorney for the executor from May 15, 1931, to March 17, 1937. Mr. A. E. Wheeler, who was a member of the Lane County bar, and now deceased, was formerly the attorney for the estate. When his services were terminated Mr. Wheeler gave a check for the money in his hands at that time, which came directly into the hands of the defendant.

The suit does not question or otherwise involve any financial or other proceedings had or taken with reference to the estate, until after Mr. King took charge. It appears to have been his practice to handle in his own name all finances in any wise connected with the estate. Seldom, if at all, did the executor secure possession of any funds of the estate, and when he did, it was in very small amounts.

The account is very much involved by the dealings between defendant King and Deamus L. Wickwire personally and the other heirs of Charles Wickwire, deceased. Also there was a corporation organized known as the Riverview Investment Company, apparently for the purpose of dealing with a mortgage of about $2,000 against the property of two of the heirs. Because of these blended accounts, it is very difficult to segregate just what belongs to the executor of the estate. There was a mortgage in favor of the estate amounting, with interest, to $3,224.80, which was sold to the Eugene Power Company for the full amount of the mortgage, and a check was drawn by the Eugene Power Company in favor of Deamus L. Wickwire as executor of the last will and testament of Charles Wickwire, deceased. This check in payment for the mortgage was delivered to the defendant, James L. King, and endorsed for deposit as follows: "Deamus L. Wickwire, as Executor of the Last Will and Testa-

ment of Charles Wickwire, Deceased, by James K. King, Atty.'' It was deposited in the First National Bank to the account of James K. King.

The defendant accounted to the estate for only $2,000 of the amount of the check, and it is claimed that, in some way not plainly shown by the proof, there was involved some brokerage commission of $1,224.80. This charge for brokerage commission, or any claim as commission, or for dealing with the sale of the mortgage, is not established by the testimony. This claim does not square with the duties of the defendant as attorney for Deamus L. Wickwire as executor of the last will and testament of Charles Wickwire, deceased.

■■ The court found that the defendant was indebted to the estate for this amount of $1,224.80, and the testimony clearly shows that the defendant is indebted to the executor of the estate in that amount. A judgment was entered therefor. If there was an error in the striking of this balance of $1,224.80, it would be that the amount of indebtedness should be increased. Since the plaintiff does not appeal from the decree, he is presumed to be satisfied with the same.

■ Defendant complains because the trial court did not make findings of fact. The court found that defendant was indebted to the estate in the sum mentioned, and it was not necessary for the court, in an equity suit, to make special findings of fact: § 6-202, Oregon Code 1930.

We have carefully read the testimony in the case and examined the account filed by defendant, and we are unable to make any more accurate account than the trial court did.

The decree of the trial court is therefore affirmed. Plaintiff will recover costs and disbursements upon this appeal.

RAND, C. J., and ROSSMAN and KELLY, JJ., concur.