THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE W. ROGERS, PLAINTIFF IN ERROR.

Argued May 2, 1939—Decided May 15, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the defendant in error, *Daniel O'Regan,* prosecutor of the pleas, *William T. Cahill,* assistant prosecutor of the pleas, and *Raymond J. Otis,* assistant prosecutor of the pleas.

For the plaintiff in error, *Alexander Simpson.*

BROGAN, CHIEF JUSTICE. The plaintiff in error was convicted upon an indictment charging that he caused an explosion of a certain bomb, the name of the explosive being unknown, with intent unlawfully to injure the person of another. *R. S.* 2:176-60. He waived a jury trial and was tried by the court in Special Sessions. The case is before us on what we regard as a strict writ of error.

The record before us consists of the writ of error, the return thereto, which contains the indictment, the statutory requisites for a waiver of jury trial (*R. S.* 2:191-1), the minutes showing such waiver and that the trial proceeded from day to

492

day, and a motion for a new trial or arrest of judgment, which motion was denied and an exception taken. The exception, however, is not signed and sealed by the trial court. It therefore has no legal significance and may not efficaciously be assigned for error. *State* v. *Black,* 86 *N. J. L.* 520, 522; *affirmed,* 89 *Id.* 723. It is entirely settled that the granting of a new trial is a matter of discretion in the trial court. *State* v. *Corrado,* 113 *Id.* 53; and that motions to arrest judgment must be determined on the record alone, not on the proceedings or testimony had on the trial. *Powe* v. *State,* 48 *Id.* 34; *State* v. *Crusius,* 57 *Id.* 280; *State* v. *Landecker,* 100 *Id.* 195, 200.

The record does, however, disclose that when arraigned in the court of Quarter Sessions the defendant pleaded not guilty, but that after the defendant waived trial by jury no new plea was entered in the court of Special Sessions. The plaintiff in error therefore argues that the statute (2:191-1) requires that a new plea be entered and that the court, in the absence of a plea in Special Sessions, regardless of the fact that a plea was entered in the Quarter Sessions, lacked jurisdiction of the person. First, we think that a fair reading of the statute (2:191-1), upon which plaintiff in error relies, admits of no such interpretation as that for which plaintiff in error contends. Again, assuming, and of course it cannot be disputed, that the court had jurisdiction over the subject-matter but not over the person, because no plea was entered in the Special Sessions, he takes no benefit thereby on this appeal for the reason that he voluntarily took part in the trial of the cause on its merits and undertook, by his defense, to rebut the state's case. He thereby submitted his person to the jurisdiction. See *State* v. *Rosenblum,* 102 *N. J. L.* 125, 127. Then there is a further reason that stems from that just mentioned; our Court of Errors and Appeals has held that where a plea in the Quarter Sessions was withdrawn in order that a motion might be addressed to the indictment, and the case was proceeded with to trial, without a reinstatement of the "not guilty" plea, nonetheless the defendant had tendered a plea by conduct. *Garland* v. *State of Washington,* 232 *U. S.* 642; *State* v. *O'Toole,* 115 *N. J. L.* 205; *State* v.

*Simon,* 116 *Id.* 452. We perceive no debatable distinction between this case and those just cited.

It is further argued that the trial judge directed the defendant to use a typewriter and that the note written on the typewriter by him was passed on to an expert who later testified that this typewriter had been used to write the note which had been attached to the bomb containing the explosive, for the sending of which the defendant was tried; and, further, that this expert, to whom the typewritten sample was submitted, was not called as a witness either by the state or by the defense but on the court's own motion.

For aught that appears in the record, both of these matters now complained of were acquiesced in and entirely agreeable to the defendant at the time of the trial of this cause. None of the testimony was printed and, of course, we have no way of knowing whether an exception was taken. The point is therefore without significance.

Assignments of error must be supported by exceptions, authenticated by the signature and seal of the trial court. *State* v. *Hart,* 90 *N. J. L.* 261; *State* v. *Fearce,* 113 *Id.* 155; *State* v. *Mason,* 113 *Id.* 364.

It is next argued that the court was further without jurisdiction over the person of the defendant on his application to be tried in Special Sessions because therein he said that he requested to be tried before the court of Special Sessions under the act entitled, "A supplement to an act entitled 'An act relating to courts having criminal jurisdiction and regulating proceedings in criminal cases' (Revision of 1898), approved June 14th, 1898," and which supplement was approved March 22d, 1899. The argument is that there was no such act on the date in question, November 21st, 1938, since by the Revision of 1937 that act was known, at the time of trial, as *R. S.* 2:191-1. The plain answer to this is that by the adoption of our statutes, in revised form, the statute in question, under which the trial was had, was in no way changed. Nothing was added or taken out in form or substance. The point has no merit. *State* v. *Rosenblum,* 100 *N. J. L.* 240, 246; *affirmed,* 102 *Id.* 125.

The conviction will be affirmed.