Argued May 23; affirmed July 2; rehearing denied
September 10, 1940

# STATE *v.* KING
(103 P. (2d) 751)

*Guy Cordon*, of Roseburg, and *Eugene V. Slattery*, of Eugene, for appellant.

*L. L. Ray*, District Attorney, of Eugene, for respondent.

BELT, J. From a judgment of conviction of the crime of false swearing the defendant James K. King appeals.

Defendant challenges the sufficiency of the following indictment:

"The said James K. King on the 4th day of October, 1937, in the County of Lane and State of Oregon, then and there being, and being then and there, on his examination as a witness, duly sworn to testify the truth in a certain suit in equity then and there pending in the Circuit Court of the State of Oregon for Lane County wherein Deamus L. Wickwire, as Executor of the Last Will and Testament of Charles Wickwire, deceased, was plaintiff, and James K. King was defendant; the substance of the issue in which said suit in equity being whether or not the defendant therein who had acted as attorney for the plaintiff therein in the conduct of the business of the estate of said decedent had accounted to said estate and the executor thereof for all moneys and property received by him for said estate or the executor thereof, and, particularly, among other items a sum of $3224.80 alleged to have been received by said defendant from the Eugene Power Company on or about the 12th day of November, 1932, as

the proceeds of a certain note belonging to said estate and secured by a mortgage on real property of Ella Kenney and H. C. Kenney and concerning which item said defendant having admitted in his answer receiving the sum of $2000.00 on said date from the said Eugene Power Company the substance of the said particular issue in said suit in equity was whether or not said defendant had received for said estate or the executor thereof from the said Eugene Power Company on said date the additional sum of the difference between said two sums, or $1224.80; and which said Court had authority to administer said oath, he, the said James K. King, appearing as a witness in his own behalf, did then and there *unlawfully, wilfully and corruptly swear falsely that one James Moore bought said mortgage for $2000.00 and sold it for $3224.80 and that the said James Moore was entitled to, and received, the difference between said $2000.00 and $3224.80, or $1224.80, the matters so falsely sworn to being in regard to a matter concerning the inquiry then and there being made in said Court and cause* \* \* \*.'' (Italics ours.)

Defendant contends that the indictment is fatally defective in that there is no assignment of false swearing, i. e., there is no direct averment negativing the truth of the matter alleged to have been sworn to by the accused. It is further asserted by defendant that the allegations of the indictment that ''James Moore bought said mortgage'' and ''sold it for $3224.80'' and ''James Moore was entitled to, and received, the difference between said $2000, and $3224.80, or $1224.80'' are conclusions of law and not allegations of fact. These questions will be considered in the order stated.

■ The purpose of an indictment is to clearly and definitely apprise a person of the crime with which he is charged, in order that he may prepare his defense. The indictment must be couched in such ''ordinary and concise language'' as to enable ''a person of common

understanding to know what is intended.'' (§ 13-703, Oregon Code 1930). Does the indictment in this case fail definitely to advise the defendant of the nature and cause of the accusation against him? Was it couched in such language that defendant did not know what was intended to be charged against him? If the technical rules of common law pleading are eliminated from consideration, the answer is obvious. However, if we become absorbed in the complexities of the common law and give undue emphasis to form rather than substance, the court might conclude that defendant could not know from the indictment the nature of the accusation against him.

False swearing, as distinguished from perjury, was not made a crime in Oregon until the enactment of chapter 180, Laws of Oregon, 1937. It was at this same session of the legislature that section 14-401, Oregon Code 1930, defining perjury, was amended (Ch. 139, Laws of Oregon for 1937) by adding thereto the word ''material''. False swearing is thus defined (Ch. 180, Laws of Oregon for 1937):

''If any person authorized by any law of this state to take an oath or affirmation, or of whom an oath or affirmation shall be required by such law, shall wilfully swear or affirm falsely in regard to any matter or thing concerning which such oath or affirmation is authorized or required, whether or not the same is material such person shall be deemed guilty of false swearing, and if any person shall procure another to commit the crime of false swearing, such person shall be deemed guilty of subornation of false swearing.''

The only difference in definition between the crime of perjury and that of false swearing, under the present law of Oregon, is that to constitute the former, the false statement must be *material* to the matter con-

cerning which the oath is taken, whereas the materiality of the false statement is not essential to the latter.

■ It is therefore plain that the same rules of pleading should apply to perjury and false swearing, excepting that in the latter crime it is not necessary to allege the materiality of the false statement.

Perjury was originally defined by the legislature in 1864 (§ 14-401, Oregon Code 1930) and, at the same session, various forms of indictments were adopted, among them being form 18 for perjury, as follows:

"On his examination as a witness, duly sworn to testify the truth, in the trial of an action at law in the court of ——, between C D, plaintiff, and E F, defendant, which court had authority to administer said oath, he testified falsely, that (stating the facts alleged to be false), the matters so testified being material, and the testimony being wilfully false."

The above form of pleading must be read in the light of § 13-721, Oregon Code 1930, also enacted in 1864, which provides:

"In an indictment for perjury or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the crime was committed, and in what court, or before whom, the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, *with proper allegations of the falsity of the matter on which the perjury is assigned*; but the indictment need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed." (Italics ours.)

■ It is well settled in this state that an indictment which substantially follows a statutory form applicable to the crime charged is sufficient, if the defendant is thereby definitely apprised of the nature and cause of the accusation: *State v. Weston*, 102 Or. 102, 201 P.

1083; *State v. Morris*, 83 Or. 429, 163 P. 567; *State v. Hosmer*, 72 Or. 57, 142 P. 581; *State v. Spencer*, 6 Or. 152; *State v. Dodson*, 4 Or. 64.

■ Considering § 13-721, Oregon Code 1930, requiring "proper allegations of the falsity of the matter on which the perjury is assigned" together with the statutory form applicable to perjury, we are convinced that the indictment in question contains a sufficient assignment of the falsity of the statement. The assignment of perjury in the statutory form consists of the words, "the testimony being wilfully false". The legislature no doubt considered such language "proper allegations of the falsity of the matter on which the perjury is assigned" as required by § 13-721, Oregon Code 1930. True, it may well be argued that such language is not a direct averment of the falsity of the alleged statement on which the charge of perjury is based, but the implication of falsity is clear and that is sufficient.

■ As stated in *Carter v. State*, 181 Ark. 665, 27 S. W. (2d) 781:

"The rule is that it is not necessary to negative the truth of the alleged false testimony in an indictment if the alleged false testimony itself necessarily implies that its converse is true and what the converse is. In that event the implication is equivalent to such an allegation."

Also, to the same effect, see: *Loudermilk v. State*, 110 Ark. 549, 162 S. W. 569, and *People v. Clements*, 107 N. Y. 205, 13 N. E. 782. In *Blakey v. Commonwealth*, 183 Ky. 493, 209 S. W. 516, it is said:

"It is, of course, true that an indictment for false swearing must set out the statements alleged to have been made, and then aver that the statements were false, and were so known to be when made; but we do not regard it as indispensably necessary to the sufficiency of an indictment that, in addition to this, the in-

dictment should set out that the accused had not done the thing he said he did do, describing it. This would be a mere repetition that in our opinion would add nothing to the definiteness or the clearness of the indictment. It is only necessary that the alleged false statement should be negatived in such a way as to certainly inform the accused of the nature of the offense charged against him.''

We also approve the reasoning of *State v. Marvel*, 33 Del. 102, 131 A. 313, supporting the contention of the State as to the sufficiency of the indictment and refusing to follow *State v. Gallaugher*, 123 Iowa 378, 98 N. W. 906, a case strongly relied upon by defendant.

The indictment herein—while not a model pleading—substantially conforms to the statutory form for perjury and is sufficient, especially since it was not challenged by demurrer.

■ Neither do we agree with appellant that the allegations in reference to the purchase and sale of the mortgage are conclusions of law. The allegation that ''Moore was entitled'' to $1,224.80 was properly stricken from consideration of the jury as a conclusion of the pleader. The other allegations, however, cannot, in the light of the record, be considered as conclusions or opinions of the defendant. They are statements of fact. Whether or not a statement is one of fact or a conclusion of law will depend, as stated in 48 C. J. 825, upon the nature of the statement and the circumstances of the case.

Defendant also asserts that the evidence is insufficient to support a judgment of conviction and that his motion for directed verdict of acquittal should have been allowed. In view of this assignment of error, it is well at this juncture briefly to state the facts out of which this prosecution arose.

The estate of Charles Wickwire, deceased, had, as a part of its assets, a certain note in the principal sum of $3,055, secured by a mortgage on real property owned by Ella Kenney and H. C. Kenney. Defendant was acting as attorney for the executor in the administration of the estate. In 1932, petition was made to the probate court for permission to sell the note and mortgage "for its present market value" at private sale. An order of sale was made in accordance with such petition. Defendant testified that the note and mortgage were sold to James Moore for $2,000. The account filed in the estate in 1936 discloses that the estate received the sum of $2,000. No other account in the estate was filed prior thereto, although defendant had been acting as attorney for the estate since 1931. Defendant further testified in substance that Moore resold the note and mortgage to the Eugene Power Company on November 12, 1932, for $3,224.80, and that he paid Moore the profit of $1,224.80, less a nominal charge of $25.00 for services as attorney rendered by him. Defendant asserts that Moore, who died in 1933, was paid in cash. Defendant also says that he lost the receipt which Moore gave to him.

The executor of the estate testified that he did not learn until 1937 that the Eugene Power Company had purchased the note and mortgage from the estate for $3,224.80. The check, dated November 12, 1932, from the Eugene Power Company, was made payable to the order of "Deamus L. Wickwire as Executor of the Last Will and Testament of Charles Wickwire, deceased". It was endorsed "For deposit Deamus L. Wickwire, as Executor of the Last Will and Testament of Charles Wickwire, deceased, by James K. King" and deposited to the personal account of defendant King.

When the executor learned in 1937 that the Eugene Power Company had issued its check for $3,224.80 to secure transfer of the note and mortgage, a suit for accounting was filed against King to recover the $1,224.80. It was in that suit that King testified that the note and mortgage were sold to Moore for $2,000.

The Eugene Power Company and the Kenneys had entered into an agreement whereby, in consideration of the satisfaction by the power company of the Kenney note and mortgage, the latter would convey to the power company a six-acre tract of land. The transaction was consummated and the company issued its check to the executor to secure transfer of the note and mortgage. The president of the power company, Mr. C. O. Peterson; L. T. Harris, attorney for the company; and Kenney, each testified that Moore was not known in the transaction nor did they have any dealing with him.

It is the theory of the State that the defendant appropriated to his own use the difference between $3,224.80 and $2,000, and that, when called upon to explain the transaction in the accounting, he swore falsely relative to the sale of the note and mortgage. In the suit for accounting the trial court found that the defendant was indebted to the estate in the sum of $1,224.80, and on appeal (*Wickwire v. King*, 161 Or. 369, 88 P. (2d) 803) the decree was affirmed. We are unable to say there is no substantial evidence tending to support the verdict of the jury finding the defendant guilty as charged.

Section 9-902, Oregon Code 1930, requires that perjury be proved by the testimony of two witnesses, or one witness and corroborating circumstances. It is urged that the above section is applicable to the crime of false swearing as well as to perjury and, since there is no direct evidence in this case, the conviction cannot be sustained.

█ In our opinion, § 9-902, Oregon Code 1930, has no application to false swearing and such crime can be established by circumstantial evidence. By chapter 180, Laws of Oregon for 1937, false swearing was made a separate and distinct crime. Under the law then existing, perjury could be established only by showing that the false statement was material to the issue. Such crime was punishable as a felony. In enacting the statute defining false swearing, the legislature no doubt intended to relieve the State of the difficulty experienced in proving perjury. See report on file with the secretary of state submitted by a committee of distinguished lawyers and jurists appointed by the governor "to study judicial reform and make recommendations covering this subject to the legislature." In some states a conviction of perjury may be had on circumstantial evidence. See annotation 27 A. L. R. 857; 15 A. L. R. 639. The history of the legislation of the two companion bills relative to perjury and false swearing, as shown by the journals of the Senate and House of Representatives for the legislative session of 1937, plainly indicates the intention of the legislature to permit false swearing to be established by circumstantial evidence. It is quite reasonable to assume that, if the legislature had intended to require in false swearing the same degree of proof as in perjury, the provision relative to proof as set forth in § 9-902, Oregon Code 1930, would have been included in the act. A person may be convicted of murder on circumstantial evidence. Is there any sound reason why the crime of false swearing cannot be so proved?

█ The third assignment of error is that:

"The court erred in admitting State's Exhibit 'B' (the judgment roll in the case of Deamus L. Wickwire, as Executor of the Last Will and Testament of Charles

Wickwire, deceased, Plaintiff, versus James K. King, Defendant, exclusive of the finding of fact and decree therein, being the accounting suit described and alleged in the indictment in the instant case), after the defendant had stipulated for the purpose of the record that said suit was pending as alleged in the indictment, and over and against the objection of the appellant to the admission thereof unless the offer thereof into evidence was restricted merely to show that said suit was pending as alleged in the indictment."

We think no error was committed in receiving the judgment roll in the accounting case—the court having withdrawn therefrom the findings and decree—as it was incumbent upon the State to prove the record of the judicial proceedings in which the false swearing is alleged to have been committed: *State v. Stilwell*, 109 Or. 643, 221 P. 174. The court, in the instant case, in receiving the judgment roll as evidence, said: "The only purpose of introducing this record is to show that there was a case pending such as alleged in the indictment." No substantial right of the defendant was prejudiced by such ruling.

■ Defendant's assignment of error No. V is based upon the refusal of the court to receive in evidence the deposition of William Dillon relating a conversation between James Moore—now deceased—and himself, wherein Moore mentioned to Dillon "about being interested in buying a mortgage." Dillon offered no information as to what mortgage Moore was talking about. This evidence is pure hearsay and the court was right in rejecting it: *State v. Farnam*, 82 Or. 211, 161 P. 417, Ann. Cas. 1918A, 318; *Pugsley v. Smyth*, 98 Or. 448, 194 P. 686.

The judgment is affirmed.

BEAN and BAILEY, JJ., not sitting.