Argued October 27, affirmed December 8, 1954

STATE OF OREGON *v.* HOLLAND

277 P2d 386

*Roy Kilpatrick,* of Canyon City, argued the cause for appellant. With him on the brief were Rob't. D. Lytle and W. F. Schroeder, of Vale.

*Clifford B. Olsen,* Deputy District Attorney for Grant County, argued the cause for respondent. With him on the brief was Michael S. Mogan, District Attorney for Grant County.

Before WARNER, Acting Chief Justice, and LUSK, BRAND and PERRY, Justices.

BRAND, J.

The defendant was charged with the crime of murder in the second degree. He entered a plea of not guilty, was tried by a jury, and found "guilty * * * as charged in the indictment." He was sentenced, and now appeals. The indictment reads as follows:

"Oscar Holland is accused by the Grand Jury of the County of Grant by this Indictment of the crime of murder in the 2nd degree, committed as follows:

"The said Oscar Holland on the 31st day of October, 1953, in the said County of Grant, and State of Oregon, then and there being, did then and there purposely, and maliciously, kill Braskell Merle Wright, by then and there cutting and stabbing him, the said Braskell Merle Wright, about the neck and body with a knife. Contrary to the statutes * * *."

The first assignment of error reads as follows:

"The trial court lacked jurisdiction to try the defendant because Section 23-402 OCLA under which the indictment was brought was repealed before the trial began."

Defendant contends that the 1953 legislature, by enacting Oregon Revised Statutes without a saving clause, granted a legislative pardon to the defendant. On 31 October 1953, the date of the alleged crime, the following statute was in full force and effect:

"If any person shall purposely and maliciously, but without deliberation and premeditation, or in the commission or attempt to commit any felony, other than rape, arson, robbery, or burglary, kill

another, such person shall be deemed guilty of murder in the second degree." OCLA, § 23-402.

The statute remained in effect at the time of arraignment and plea of not guilty, but on 31 December 1953 the Oregon Revised Statutes went into effect pursuant to the provisions of Oregon Laws 1953, ch 3. The defendant was tried on 4 January 1954.

The crime of murder in the second degree, so far as relevant here, is defined in Oregon Revised Statutes as follows:

"(1) Any person who kills another purposely and maliciously but without deliberation and premeditation, or in the commission or attempt to commit any felony other than rape, arson, robbery or burglary, is guilty of murder in the second degree.

" * * * * * * " ORS 163.020.

Comparison of OCLA, § 23-402 with ORS 163.020 discloses that the essential elements of the crime have not been changed.

The duties of the Statute Revision Council were set forth by statute:

"It shall be the duty of the statute revision council to clarify, simplify, classify, arrange, coordinate, codify and revise the laws of this state now in force, including those enacted by the forty-fifth session of the legislative assembly, and prepare and have set in type for publication as much thereof as is practicable and make a printed report of their progress to the forty-sixth session of the said assembly. In preparing editions of the statutes for publication and distribution, the statute revision council shall not alter the sense, meaning or effect of any act, but, within such limitations, may correct the grammar, punctuation, spelling and form thereof, employ standard nomenclatures, renumber sections

and parts of sections of the acts, rearrange sections, subsections and paragraphs, change reference numbers to agree with renumbered chapters, sections or other parts, substitute the proper subsection, section or chapter or other division numbers, strike out figures which are merely a repetition of written words, change capitalization for the purpose of uniformity, and correct manifest clerical or typographical errors, and generally revise, coordinate, correlate, clarify and simplify the statutory law of this state." Oregon Laws 1949, Chapter 317, Section 3.

In defining second degree murder the revisors clearly complied with the direction that they should not "alter the sense, meaning or effect" of the previous statute on the subject.

Defendant relies upon the provisions of Oregon Laws, Chapter 3, now ORS 174.520 to and including 174-560, as granting to defendant a "legislative pardon." We quote the relevant portions:

"(1) All statute laws of Oregon of a general, public and permanent nature enacted prior to January 12, 1953, hereby are repealed, except as provided in subsection (2) of this section.

"(2) If any provision of the Oregon Revised Statutes as enacted by ORS 174.510, derived from an Act that amended or repealed a pre-existing statute, is held unconstitutional, the provisions of subsection (1) of this section shall not prevent the preexisting statute from being law if that appears to have been the intent of the Legislative Assembly or the people." ORS 174.520.

"The Oregon Revised Statutes, as enacted by ORS 174.510, are intended to speak for themselves; and all sections of the Oregon Revised Statutes as so enacted shall be considered to speak as of the same date, except that in cases of conflict between two or more sections or of an ambiguity in a section, reference may be had to the Acts from

which the sections are derived, for the purpose of applying the rules of construction relating to repeal or amendment by implication or for the purpose of resolving the ambiguity." ORS 174.530.

"The provisions of the Oregon Revised Statutes as enacted by ORS 174.510 *shall be considered as substituted in a continuing way* for the provisions of the prior statute laws repealed by ORS 174.520." ORS 174.550. (Emphasis ours.)

■ It is clear, as contended by the defendant, that Oregon Revised Statutes were adopted as laws, and not merely as evidence of the law. See 1 ORS, Preface, pp V and VI.

" '* * * A revision, on the other hand, contemplates a redrafting and simplication of the entire body of statute law. It involves the elimination of duplications, contradictions, obsolete and obsolescent provisions, redundant, tautological, prolix and verbose provisions. A revision is a complete restatement of the law. It requires enactment by the legislature in order to be effective and upon enactment it becomes the law itself, replacing all former statutes.' See 59 C.J. 888; 25 R.C.L. 924." *Fidelity & Columbia Trust Co. v. Meek,* 294 Ky 122, 171 SW2d 41, 44.

■ The fact, however, that ORS was enacted as law, and that the previous statutes were repealed, is not decisive of the case. The pronouncement of the Massachusetts Supreme Court is applicable here:

" * * * There is nothing in the report of the commissioners or in the act of the Legislature in adopting the report to indicate any purpose, intention or suggestion that the substance of the law, as contained in Pub.Sts. c. 19, § 9, was to be changed, and it is a familiar rule that in such circumstances verbal changes in the revision of a statute do not alter its meaning and are construed as a continuation of preexisting laws. Derinza's case, 229 Mass.

435, 442, 118 N.E. 942; Mackintosh, Petitioner, 246 Mass. 482, 484, 485, 141 N.E. 496; Medford Trust Co. v. McKnight, 292 Mass. 1, 28, 197 N.E. 649. * * *'' *Commissioner of Public Works v. Cities Service Oil Co.*, 308 Mass 349, 32 NE2d 277, 283.

And see *State v. Rogers*, 122 NJL 490, 6 A2d 207, 126 NJL 428, 19 A2d 886.

Counsel cites *State v. Ju Nun*, 53 Or 1, 97 P 96, 98 P 513, to the following effect:

"* * * the repeal of a law conferring jurisdiction takes away all right to proceed, under the repealing statute, as to all actions, suits, or proceedings pending at the time of the repeal, unless there is a saving clause in the repealing statute, and this is so in an appellate as well as the court of original jurisdiction. * * *''

That case bears no resemblance to the one at bar. Defendant had been tried on an information and convicted. While the case was pending on appeal, the constitution was amended (June 1908) so as to provide that ''no person shall be charged in any circuit court * * * except upon indictment * * *.'' It was held that the amendment was prospective only and the conviction was affirmed.

The portion quoted by appellant correctly states the law as to ordinary repeals of statutes previously enacted. It does not purport to state the effect of a law which repeals and simultaneously reenacts a statutory provision. The rule in the latter case is stated in American Jurisprudence:

"It is a general rule of law that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment is considered a reaffirmance of the old law, and a neutralization of the repeal, so that the provisions of the repealed act which are thus re-enacted continue in force without interruption, and all rights

and liabilities incurred thereunder are preserved and may be enforced. Similarly, the rule of construction applicable to acts which revise and consolidate other acts is, that when the revised and consolidated act re-enacts in the same or substantially the same terms the provisions of the act or acts so revised and consolidated, the revision and consolidation shall be taken to be a continuation of the former act or acts, although the former act or acts may be expressly repealed by the revised and consolidated act; and all rights and liabilities under the former act or acts are preserved and may be enforced. * * *'' 50 Am Jur, Statutes, § 555, p 559.

Thus it is immaterial whether a single statute is repealed and simultaneously reenacted or whether many statutes are repealed and simultaneously reenacted in a general statutory revision.

Referring to Sutherland on Statutory Construction, we find that the author discusses the effect of the enactment of a "code". We quote:

''The enactment of a code operates to repeal all prior laws upon the same subject matter where, because of its comprehensiveness, it inferentially purports to be a complete treatment of the subject or where by express declaration in the code it is prescribed the sole governing statutory law upon that particular subject.'' 1 Sutherland Statutory Construction, 3d ed Horack, § 2019, p 480.

As thus qualified, it is apparent that the author refers to the type of code which is technically a revision. In the same section we find the following statement:

''* * * Those provisions of preexisting laws which are incorporated into a code are construed as continuations of the law as it existed.'' 1 Sutherland Statutory Construction, 3d ed Horack, § 2019, p 482. Citing cases.

See also *United Hebrew Association v. Benshimol,*
130 Mass 325; *State v. Prouty,* 115 Iowa 657, 84 NW
670; *State v. Rogers,* 122 NJL 490, 6 A2d 207; *State
v. Reynolds,* 59 SD 53, 238 NW 142; *Hancock v. District
Township of Perry,* 78 Iowa 550, 43 NW 527; *Commissioner of Public Works v. Cities Service Oil Co.,*
supra, 308 Mass 349, 32 NE2d 277.

■ The defendant seeks to avoid the force of the
above rule by arguing that ''we are dealing here not
with a re-enactment, but with an enactment * * *.'' Of
course Oregon Revised Statutes are enactments, but
they also constitute a repeal and simultaneous re-enactment of the previous statutes insofar as the
revision makes no change in the meaning of the earlier
statutes, even though changes in phraseology may be
found.

It would require strong evidence to induce any
court to assume that by enacting the revised statutes
it was the legislative intent to permit all persons who
committed crimes before December 31, 1953 to go
unpunished because they were not tried until the fourth
day of January, 1954, or thereafter. In our opinion
the legislature clearly expressed the intention, in harmony with the general rule, when it provided that the
revised statutes shall be considered as ''substituted
*in a continuing way''* for the provisions of the prior
statute laws repealed. (Italics ours.) This was a
saving clause.

> ''Regard is to be had to statutory provision
> that provisions of revised statutes, not inconsistent
> with prior laws, should be construed as a continuation of such laws, or that such provisions, as far
> as they are the same as those of prior laws, shall
> be construed as a continuation of such laws and
> not as new enactments.'' 82 CJS, Statutes, § 276,
> Note, p 463.

Finally, while we deem it unnecessary, reference is made to OCLA, § 23-105, which was in effect at the time of the commission of the offense, and which was reenacted by ORS 161.040. While the phraseology of the earlier section has been changed and simplified, the meaning remains the same. In its revised form, the statute reads:

> "When all or a part of a criminal statute is amended or repealed, the criminal statute or part thereof so amended or repealed remains in force for the purpose of authorizing the prosecution, indictment, trial, conviction and punishment of all persons who violated such criminal statute or part thereof prior to the effective date of the amending or repealing Act." ORS 161.040.

In *Ibach v. Jackson,* 148 Or 92, 35 P 672, this court held that the provisions of OCLA, § 23-105 had the same effect as a saving clause in the repealing act. Our conclusion is that the legislature did not grant a legislative pardon to the defendant and the trial court was vested with jurisdiction to try the case.

The next assignment of error challenges the sufficiency of the indictment. The defendant entered his plea of not guilty on 21 November 1953. It was only after the jury had been impaneled and sworn on 4 January 1954, and after the prosecution had made an opening statement, that the defendant objected to the introduction of any evidence, as follows:

> "We object further upon the ground that the indictment does not state a cause—on the grounds and for the reason that the indictment does not charge murder in any degree, or manslaughter, which is the only included crime in this indictment, but the indictment is the statement of a conclusion, that it is defective in that it does not state that the act was feloniously done, the indictment does not state the sex of the person alleged to have been

assaulted, that it does not state a wound was received and that the wound was fatal; that it does not state that as the result of the use of the knife, and of a wound received, that the person alleged to have been assaulted, died; that it does not state the time of death; that it does not state the place of death, all of which, we maintain, under the law of Oregon as it presently exists, must be alleged."

There are two statutory grounds, among others, on which the defendant might have demurred to the indictment, (1) that "It does not substantially conform to the requirements of ORS 132.510 to 132.570, 132.590, 132.610 to 132.690, 132.710 and 132.720;" ORS 135.630 (2); and (2) that "The facts stated do not constitute a crime; * * *." ORS 135.630 (4). These provisions reenact those of OCLA, § 26-832. The sections of ORS supra, stating the requirements of indictments, are substantial reenactments of the code provisions in OCLA, Title 26, ch 7, upon the same subject. We shall refer to the relevant sections by their respective section numbers in ORS.

■ It is obvious that an indictment may fail to comply with at least some of the requirements specified in ORS 135.630 (2) and yet not be demurrable on the ground stated in ORS 135.630 (4)—(failure of facts stated to constitute a crime.) If every failure to comply with all of the provisions of law specified in ORS 135.630 (2) made an indictment demurrable under ORS 135.630 (4), there would have been no occasion to provide for any demurrer except on the basis of the latter subsection.

Under the provisions of ORS 135.610–620, a demurrer must be in writing and should be filed at the time of arraignment, unless further time is allowed by the court. The reason is plain. Errors which may

be curable should not be ignored until jeopardy has attached, and then be insisted upon as a bar. In *State v. Smith,* 182 Or 497, 188 P2d 998, this court said:

"Section 11 of the bill of rights (Art. I, section 11, Oregon Constitution) provides that, in all criminal prosecutions, the accused shall have the right to demand the nature and cause of the accusation against him. The opportunity which the statute gives an accused to question the sufficiency of an indictment as to definiteness and certainty, by demurrer on the ground that it does not conform to the provisions of chapter 7 of Title 26 of the Code (sections 26-701 to 26-722, inclusive, O.C.L.A.), meets the requirements of the bill of rights in this respect. If he fails to avail himself of that opportunity, he cannot complain afterwards. People v. Bogdanoff, supra (254 N.Y. 16, 171 N.E. 890, 69 A.L.R. 1378). The failure of the indictment to set forth the particular acts constituting the offense charged is waived by not making timely objection thereto, as, for example, by failing to demur upon that ground before pleading to the merits. 42 C.J.S., Indictments and Informations, section 307; Case v. United States (C.C.A. Or.) 6 F. (2d) 530." *State v. Smith,* 182 Or 497, 507, 188 P2d 998. And see cases cited therein.

■ Under the uniform ruling of this court the defendant by failing to demur under the provisions of ORS 135.630 (2) waived all objections concerning the sufficiency of the indictment as to definiteness and certainty.

"* * * all objections to the indictment are deemed to have been waived, excepting objections pertaining to jurisdiction of the court and that facts are not alleged sufficient to constitute a crime * * *." *State v. Miller,* 119 Or 409, 415, 243 P 72.

■ Defendant calls attention to the fact that the appendix to OCLA, Title 26, chapter 7, which sets forth

approved forms for criminal indictments, was repealed by Laws of 1951, chapter 391, and argues, at least by implication, that all of the archaic rules of the common law on the subject were thereby reinstated. Such was not the effect of the 1951 act. The repeal of the statutory forms carries with it no implication that such forms are now insufficient when used in an indictment if they comply with constitutional and statutory requirements.

In *State v. Smith*, supra, we said:
" * * * It is not within the power of the legislature to declare that to be an indictment which does not set forth those elements of a criminal offense required by the constitution to be contained in an indictment. * * *" 182 Or 497, 501. .

The fact that, since 1864, the approved forms have been used and held good, necessarily implies that the constitutional requirements of a criminal charge were met. Indictments similar to those in the repealed appendix have been upheld in many cases. *State v. Dodson,* 4 Or 64; *State of Oregon v. Spencer,* 6 Or 152; *State of Oregon v. Brown,* 7 Or 186; *State v. Ah Lee,* 18 Or 540, 23 P 424; *State v. McAllister,* 67 Or 480, 136 P 354; *State v. Hosmer,* 72 Or 57, 142 P 814; *State v. Morris,* 83 Or 429, 163 P 567; *State v. Weston,* 102 Or 102, 201 P 1083; *State v. Wilson,* 172 Or 373, 142 P2d 680.

Although the appendix containing authorized forms has been repealed, ORS 132.510 has not been repealed. It has been in the books since 1864, and provides that
"All the forms of pleading in criminal actions heretofore existing are abolished; and hereafter the forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by the statutes relating to criminal procedure." ORS 132.510.

Thus the common law rules for criminal pleading do not apply, and the statutes control. The essential requirement of an indictment, if it is to withstand a challenge on the ground that the facts stated do not constitute a crime, is set forth in ORS 132.520 (2). It must contain:

"A statement of the acts constituting the offense in ordinary and concise language, without repitition [sic], and in such manner as to enable a person of common understanding to know what is intended."

The indictment in question sets forth the acts constituting the crime charged, in the words of the statute, omitting only the portions of the statute not relevant to the particular charge. We have repeatedly held that an indictment is sufficient when it alleges the acts constituting the crime charged in the words of the statute defining the crime. *State v. Bailey,* 115 Or 428, 236 P 1053; *State v. Christiansen,* 150 Or 11, 41 P2d 442.

■■ The indictment herein specifies the name of the court; the names of the parties. It contains a statement of the acts constituting the offense, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. It complies with the requirements of ORS 132.520 to and including 132.550, and is therefore sufficient. This court cannot return to the archaic and technical requirements of the common law as to pleading of criminal cases. *State v. King,* 165 Or 26, 103 P2d 751. Contrary to the contention of defendant, the indictment states the material facts which are not mere conclusions. It was unnecessary to allege that the act was feloniously done. *State of Oregon v. Abrams,* 11 Or 169, 8 P 327, *State v. Ede,*

167 Or 640, 117 P2d 235; *State v. Christiansen,* supra.
The statement that the defendant purposely and maliciously killed the victim by cutting him with a knife,
establishes that the act was a felony. The other contentions are frivolous. *State v. Casey,* 108 Or 386, 213
P 771, 217 P 632; *State v. Kelley,* 118 Or 397, 247 P 146;
*State v. King,* 165 Or 26, 103 P2d 751; ORS 132.610.

The conviction is affirmed.