Submitted September 22, affirmed November 30, 1966,
U. S. Supreme Court denied certiorari May 1, 1967

## STANLEY DEE ROSE *v.* GLADDEN
420 P. 2d 622

Stanley Dee Rose, Salem, in propria persona, for appellant.

Robert Y. Thornton, Attorney General, and David H. Blunt, Assistant Attorney General, Salem, for respondent.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PERRY, J.

The plaintiff filed a petition for a writ of habeas corpus in the circuit court of the state of Oregon for the county of Malheur. The trial court denied the petition for issuance of the writ and the plaintiff appeals.

The petition for the writ, insofar as applicable, is as follows:

"That petitioner did plea[d] guilty to the information which charged as follows:

" 'The said Stanley Dee Rose and Donald Allen Hibbard, on the 15th day of September, 1962, in said County of Malheur and State of Oregon, then and there being, and then and there acting jointly and together at one and the same time and place, and then and there being armed with a Dangerous Weapon, to wit; a rifle loaded with live ammunition, did then and there assault one James H. Jones with the said weapon by then and there shooting at and toward him, the said James H. Jones, who was then and there within close shooting range and distance of said weapon and of said defendants, contrary to the statutes made and provided, and against the peace and dignity of the State of Oregon.'

" * * * * *

"That no where in the 'information' on which your petitioner was sentenced under was there a mention of the words 'unlawfully' or 'feloniously' or any other statement that would authorize or constitute grounds to sentence petitioner to a felony."

The plaintiff was sentenced to a term of ten years in the penitentiary.

His sole contention is that his petition stated a cause for relief because the information to which he entered his plea fails to state that the acts which he

committed were done "unlawfully" or "feloniously" and, therefore, the trial court exceeded its jurisdiction in sentencing him as a felon.

■ It has long been the rule of law in this jurisdiction that it is unnecessary to use the words "feloniously done" if the indictment or information sets forth the acts which disclose that the acts committed constituted a felonious crime. *State of Oregon v. Holland,* 202 Or 656, 277 P2d 386.

■ The plaintiff's petition discloses acts which constitute a felonious assault under ORS 163.250. In *Rose v. Gladden,* 241 Or 202, 405 P2d 543, to which this appeal is an epilogue, this court pointed out that ORS 163.250 denounces the acts committed by the plaintiff as a felony and only permits the trial court to impose a misdemeanor punishment as a matter of leniency.

The judgment of the trial court is affirmed.