Submitted on record and briefs January 6,
affirmed January 15, 1970.

IN THE MATTER OF ERVIN GENERAL SLUDER,
A CHILD.
STATE OF OREGON, *Respondent, v.*
ERVIN GENERAL SLUDER,
*Appellant.*
463 P. 2d 594

Van Natta & Petersen, St. Helens, filed the brief for appellant.

Jacob B. Tanzer, Solicitor General, Salem, filed the brief for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

BRANCHFIELD, J.

This is an appeal from an order of the circuit court, Juvenile Department, declaring that a child should continue as a ward of the court. The child was accused by petition with having committed an act which would have been a felony if committed by an adult. The child claims the petition does not state a cause of action, but he apparently means that it would be insufficient if he were being accused of the same act by an indictment.

▪ ■ Appellant's Abstract and Brief fails to comply with the Rules of Procedure adopted by this court. The assignment of error does not set forth the ruling of the court below as required by Rule 19. The statement of the case does not contain references to the record where such facts appear. (Rule 18). Only one sentence of the statement of the case is supported by the record forwarded to this court. The remainder is

outside the record and irrelevant to the question presented on appeal. It violates the portion of Rule 18 requiring the statement to be clear and concise.

The appellant has not provided us with a transcript of testimony, so our scrutiny is limited to documents contained in the trial court file. That file does not contain a demurrer or other objection to the petition.

We will treat the petition as the equivalent of an indictment for the purpose of permitting a challenge to its sufficiency. The objection to an indictment that it does not state facts sufficient to constitute a crime is not waived by failure to demur. *State v. Estabrook,* 162 Or 476, 91 P2d 838 (1939). We have elected to consider this appeal only because the objection now made can be raised for the first time on appeal, and we limit our consideration to the precise point it is permissible to raise. We do not consider whether the petition is in any way indefinite or uncertain, because that type of objection is waived by failure to raise it in the circuit court. *State v. Holland,* 202 Or 656, 667, 277 P2d 386 (1954).

The petition here in question states the charge against the child in the language of the statute which condemns the conduct. The charge is in ordinary and concise language and is such as to enable a person of common understanding to know what is intended. It is sufficient. *State v. Holland,* supra, at 669. *State v. McAllister,* 67 Or 480, 482 to 484, 136 P 354 (1913).

Affirmed.