James **NELSON**, a/k/a Jim Gerson, Appellant,

v.

**STATE of Alaska**, Appellee.

No. 2459.

Supreme Court of Alaska.

Jan. 28, 1976.

*Douglas Girl Scout Council*, 519 P.2d 826, 834 (Alaska 1974).

Brian Shortell, Public Defender, Anchorage, David C. Backstrom, Deputy Public Defender, Mark E. Ashburn, Asst. Public Defender, Fairbanks, for appellant.

Avrum M. Gross, Atty. Gen., Juneau, Harry L. Davis, Dist. Atty., Jane F. Kauvar, Asst. Dist. Atty., Fairbanks, for appellee.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

ERWIN, Justice.

This is an appeal from a conviction on two counts of perjury. Appellant James Nelson contends that the indictment by which he was charged should have been dismissed because certain irrelevant and immaterial testimony was presented to the grand jury and the indictment omitted the element of materiality, thus failing to state a crime; that certain findings of fact were not supported by the evidence; and that the trial court erred in finding him guilty of perjury because there was insufficient evidence to support the conviction. We shall address each of these points in turn.

On April 10, 1974, Nelson was tried and convicted on two counts of assault and battery. At the trial Nelson testified in his own defense, and because of certain statements made he was subsequently indicted for perjury. A nonjury trial resulted in a conviction on two counts of perjury, and this appeal followed.

Nelson's first specification of error is that improper evidence was presented to the grand jury and therefore the indictment by which he was charged should have been dismissed.

On July 10, 1974, a tape recording of all of Nelson's testimony from his assault and battery trial was played to the grand jury and a two-count indictment for perjury was returned. Nelson subsequently filed a motion to dismiss the indictment on the grounds that irrelevant and immaterial testimony was presented to the grand jury and that the testimony was so prejudicial that it in fact formed the basis for the indictment. The motion to dismiss was denied by the trial judge, and Nelson contends that the court erred in so ruling.

The disputed testimony occurred when the prosecuting attorney asked Nelson at the assault and battery trial if he had pat-

ted any woman or had contact with any woman on December 19, 1973. To this question Nelson replied:

Defendant: I made a misstatement to Mark that I was in the Co-op, but that was a lie.

Prosecutor: It wasn't the truth—you weren't telling Mark at the time—the truth?

Defendant: I wasn't telling him the truth about being in the Co-op, because I didn't go anywhere downtown.

Prosecutor: Okay. So you were lying to Mark Wayson [a police officer] when you told him that?

Defendant: About the incident in the Co-op, yes.

Prosecutor: Okay. So now you're telling the truth?

Defendant: Yes.

■ The testimony in question also could have been regarded by the grand jury as favorable to the defendant, since it indicated that he told the truth while under oath even though he had lied when not under oath. To be guilty of perjury, it is necessary to prove that a person under oath willfully and falsely swears.[1] Moreover, the testimony involved was not sufficiently prejudicial to adversely affect the indictment. Thus the trial court properly denied Nelson's motion to dismiss the indictment.

Nelson next asserts that the indictment should have been dismissed because it omitted the element of materiality and thus failed to state a crime.

■ The common-law crime of perjury, which requires materiality,[2] has been modified in Alaska by AS 11.30.010(a). As noted by this court in *Beckley v. State*:[3]

The statute is unambiguous. It clearly indicates the intent of a legislative body to enlarge the scope of the crime of perjury as it existed at common law so as to make it a crime for one to willfully and falsely swear in regard to any matter in respect to which an oath is authorized or required, regardless of the question of materiality of such matter to an issue before the court.

. . . Materiality is not mentioned in the Alaska perjury statute; therefore it is unnecessary, in order to prove the crime of perjury, to establish that the matter concerning which willfully false testimony under oath was given was material to an issue before the court. The crime is complete if one shall willfully swear falsely in regard to any matter respecting which an oath is authorized or required. (Footnotes omitted)

Nelson's arguments for the inclusion of materiality as an element of perjury were dealt with and rejected by this court in *Beckley;* therefore, the trial court correctly denied the motion to dismiss the indictment because it failed to allege materiality.[4]

■■ In his third specification of error Nelson contends that certain of the trial judge's factual findings were not supported by the evidence. Our review of the record below discloses that ample evidence exists

---

1. AS 11.30.010(a) provides:
(a) A person authorized by law to take an oath or affirmation, or a person whose oath or affirmation is required by law, who *willfully* and falsely swears or affirms in regard to a matter concerning which an oath or affirmation is authorized or required, is guilty of perjury. (Emphasis added)

2. *See Beckley v. State*, 443 P.2d 51, 54 (Alaska 1968).

3. *Id.* at 54-55.

4. Appellant contends that finding of fact No. 4 was totally devoid of evidentiary support. That finding was to the effect that Nelson was of sound mind, understood the oath, and was not under drugs at the time of his testimony. Appellant had the burden of coming forward with some · evidence that he . lacked full mental capacity, and absent such evidence the superior court was entitled to infer that appellant was of sound mind. AS 12.45.083 (b; *Johnson v. State*, 511 P.2d 118, 126 (Alaska 1973).

to substantiate each of the disputed findings of fact.[5]

Nelson also argues that the superior court erred in finding him guilty of perjury because there was insufficient evidence to support the conviction.

The standard of review to be applied by this court to determine if there was sufficient evidence to convict is set forth in *Kvasnikoff v. State*.[6] In *Kvasnikoff* this court, quoting from *Hughes v. State*[7] and *Beck v. State*,[8] held as follows:

> [T]he evidence and inferences to be drawn therefrom are to be viewed in a light most favorable to the state. The question, then, is whether the finding of guilt is supported by substantial evidence, that is, such relevant evidence which is adequate to support a conclusion by a reasonable mind that there was no reasonable doubt as to appellant's guilt.

Count I charged that Nelson committed perjury when the following exchange took place:

> Prosecutor: Okay, now, is it your testimony that on December 10th in 1973, you're testifying under oath, that you're positive you did not go into the Penney's store on that date?
>
> Defendant: Yes.
>
> Prosecutor: You're positive of that?
>
> Defendant: Yes.
>
> Prosecutor: And you're stating that you have—have you ever seen this Janice B., have you ever seen her before today, before testifying today in Court?
>
> Defendant: No.
>
> Prosecutor: Okay. And it's your testimony that you have never patted her on

the rear end on any date, as far as you remember?

> Defendant: Right.

Janice B. was the only person who testified about the events surrounding Count I of the indictment. As an employee of J. C. Penney's for approximately seven months, she had seen Nelson "standing around . . . just observing people," and on various occasions looking into the area where she worked. Other sales personnel had mentioned to her that Nelson was not a normal shopper but was considered a loiterer. Ms. B stated that on December 10, 1973, she was bent over a drawer when someone approached her from behind, touched her, and continued on. Looking up, she saw Nelson a few feet away. Because he had his head turned to the right, revealing a profile of his face, she recognized him immediately.

Nelson contends that the foregoing evidence is insufficient to support a conviction. Specifically, he argues that the testimony of Ms. B. which indicates that Nelson was committing perjury, must be corroborated for the conviction to stand.

The rule that one may not be convicted of perjury on the uncorroborated testimony of one witness was spelled out by this court in *Risher v. State*.[9] In *Risher* we held that testimony of perjury must be corroborated by other evidence, either direct or circumstantial. The purpose of such a rule is to prevent ill-founded retaliatory attacks by perjury prosecution upon a witness based on no more than the contrary oath of another.[10] In *Beckley v. State*,[11] this court, citing *Oxenberg v. State*,[12] observed that "[i]n order to be cor-

---

5. The weight of Nelson's argument for including materiality as an element of perjury is diminished substantially by the fact that seven years have passed since our decision in *Beckley v. State*, 443 P.2d 51 (Alaska 1968), and the Legislature has not acted to make materiality an essential element of the offense in the interim.

6. 521 P.2d 903, 905 (Alaska 1974).

7. 513 P.2d 1115 (Alaska 1973).

8. 408 P.2d 996 (Alaska 1965).

9. 418 P.2d 983, 985 (Alaska 1966).

10. *Beckley v. State*, 443 P.2d 51, 58 (Alaska 1968).

11. *Id.* at 57. (Footnote omitted)

12. 362 P.2d 893, 896 (Alaska), *cert. denied*, 368 U.S. 56, 82 S.Ct. 189, 7 L.Ed.2d 128 (1961).

roborative evidence must induce a rational belief that what the witness said is true. . . . "

In the instant case Ms. B. testified that Nelson came into Penney's on December 10th and touched her. However, no additional evidence was presented by the State which would induce a rational belief that what she said was true. Because Ms. B.'s allegations were not corroborated by other evidence, either direct or circumstantial, we find there is insufficient evidence under the test enunciated in *Kvasnikoff* to sustain a perjury conviction on Count I of the indictment.

Count II[13] of the indictment alleged that Nelson committed perjury when he testified that he had not been around Alaska State Bank on December 19, 1973. Again Nelson contends that under *Kvasnikoff* there was insufficient evidence to convict him on this count.

Three women, Barbara C., Carol W., and Ginger H., testified about the circumstances surrounding Count II. Ms. C., an employee of the Alaska State Bank, testified that Nelson followed her to the bank when she was returning from a mail run around 5:30 p. m. on December 19, 1973. She noted that he followed her into the bank as far as the third teller window before she lost sight of him. Ms. W., the teller located in the third window at Alaska State Bank, testified that she saw Nelson enter the bank between 5:15 and 5:30 p. m. and stop directly across from her teller cage, where he stood for ten or twenty seconds before exiting. Ms. H., also a bank employee, left work between 5:35 and 5:45 p. m. to go home. She testified that while walking towards her car, she observed Nelson standing behind the bank.

We find the foregoing testimony is adequate to support a conclusion by a reasonable mind that there was no reasonable doubt as to Nelson's guilt on Count II; hence, under *Kvasnikoff* there was sufficient evidence to convict Nelson of perjury.

The judgment is affirmed as to Count II, and reversed and remanded to the Superior Court with instructions to enter a judgment of acquittal of Count I.

BURKE, J., not participating.

13. Count II alleged that the following testimony was perjurious:
Prosecutor: Okay, now moving on to December 19th, did you see [Ms. C.] on that day?
Defendant: No.
Prosecutor: The one that testified here in regards to being grabbed in the—un— between the legs?
Defendant: No.
Prosecutor: You didn't see her on that day at all?
Defendant: No.

Prosecutor: On December 19, 1973, now let's make sure we're talking about the same time, on December 19th, 1973, did you have occasion to go into the Alaska State Bank around 5:00 o'clock?
Defendant: No.
Prosecutor: So your testimony is that you weren't even around Alaska State Bank on December 19th, 1973?
Defendant: Right.
Prosecutor: Did you see [Ms. H.] on that particular day?
Defendant: No.